359 So.2d 506 (1978)
John BANYAS, Appellant,
v.
AMERICAN MUTUAL FIRE INSURANCE COMPANY, Appellee.
No. FF-290.
District Court of Appeal of Florida, First District.
May 19, 1978.
Rehearing Denied June 29, 1978.
Henry H. Graham, Jr., of Howell, Howell, Liles & Braddock, Jacksonville, for appellant.
Carle A. Felton, Jr., of Boyd, Jenerette, Leemis & Staas, Jacksonville, for appellee.
McCORD, Chief Judge.
By his amended complaint in the court below, appellant sought to recover from his insurance company, appellee, certain medical expenses which he contended were incurred by him as a result of an automobile accident in which he was involved. Appellee admitted the accident and that it had in full force and effect a policy of insurance on appellant which provided personal injury protection benefits and medical payment coverage. Appellee denied, however, that there was coverage for the expenses alleged and asserted that such expenses resulted from a pre-existing condition of appellant. Final judgment was entered for appellee, and appellant has appealed. Appellant contends that the trial court's judgment was against the manifest weight of the evidence. We agree and reverse.
It is undisputed that appellant suffered a blow to his chest in an automobile accident. He was taken by ambulance to St. Joseph's Hospital in Tampa for treatment where he complained of pain in his chest. Pursuant to instructions of his then treating physician, he was confined to the hospital for observation for a three-day period. His physician at the hospital called appellant's regular treating physician in Jacksonville, Dr. Hardin, and requested information as to appellant's cardiac history, explaining that he had been in an automobile accident and was complaining of chest pain. Dr. Hardin advised that during a hospital confinement for arthritis some years previously, he had *507 found a distorted e.k.g. with respect to the electrical impulses on the left side of appellant's heart, otherwise known as a left bundle branch block. At the end of the three days, appellant was discharged from the Tampa hospital with a diagnosis of chest pain of unknown etiology. Appellant then returned to Jacksonville where he was examined the following day by Dr. Hardin. Because of appellant's continuing complaints of chest pain and because of the previous heart problem, Dr. Hardin referred appellant to a cardiologist, Dr. Robert L. Pekaar, for a heart catheterization with coronary and renal arteriography. As to his reason for referring appellant to Dr. Pekaar, Dr. Hardin testified as follows:
"... I felt that it was necessary to distinguish between the pain, whether or not it was from the automobile accident or whether it was due to his heart condition.
* * * * * *
Primarily that with knowing he had a heart problem and knowing that he had been involved in an automobile accident, I felt that it was necessary to distinguish heart disease from trauma. And I felt that it was necessary to refer him so that something more definitive could be done to see whether or not there was decreased circulation to the heart."
Subsequently, in answer to the following question, Dr. Hardin gave the following answer:
"Q. Whether or not the diagnostic referral to Dr. Pekaar was made necessary because of the accident of December 26th, 1975?
A. Yes, sir. I felt that I had to know whether I was treating trauma or whether or not I as dealing with cardiac problems."
Later, to the following question, Dr. Hardin gave the following answer:
"Q. Well, doctor, is the reason then that you sent Mr. Banyas over to Dr. Pekaar to find out more about this left bundle branch block and its effect on the heart?
A. No. It was primarily to determine where the pain was coming from; whether it was due to him being hurt or whether it was due to a cardiac problem."
Still later, on being questioned as to whether or not the diagnostic work by Dr. Pekaar related to the automobile accident, Dr. Hardin stated:
"Yes. I feel like it is. I only  in that I had to know the difference. I had to know whether he was having an interior chest syndrome or if he was having decreased circulation to his heart."
The diagnostic work of Dr. Pekaar reveals that appellant's chest problem related solely to his heart condition and had no relation to the accident. This after-the-fact determination, however, does not absolve appellee from liability under its insurance policy for this expense. § 627.736, Florida Statutes, requires that every insurance policy for personal injury protection benefits provide payment for "... all reasonable expenses incurred for necessary medical ... services... ." It is clear from the evidence that Dr. Hardin reasonably found it necessary because of this accident, and appellant's chest pain immediately following such accident, to send him to Dr. Pekaar for a determination of the cause of the chest pain. Such was a reasonable expense incurred for necessary medical services to determine whether or not the accident was the cause of the chest pain experienced immediately following the accident.
Reversed.
BOYER and MELVIN, JJ., concur.