382 So.2d 441 (1980)
Jean Marie BARRIS, Appellant,
v.
TOPPERS OF FLORIDA, INC., and Peninsular Fire Insurance Company, Appellees.
No. QQ-51.
District Court of Appeal of Florida, First District.
April 17, 1980.
Gail A. Gottardo, Jacksonville, for appellant.
W. Wayne Myers of Cowles, Coker & Myers, Jacksonville, for appellees.
PER CURIAM.
This is an appeal from a final workers' compensation order dated April 12, 1979, *442 denying appellant medical benefits for abdominal surgery and temporary disability benefits following such surgery. Appellee cross-appeals, urging that certain diagnostic procedures prior to the abdominal surgery were not compensable.
Appellant had a prior history of pelvic inflammatory disease, which was asymptomatic at the time of her injury. She turned from her work area and walked into a steel rod, striking her abdomen on October 18, 1978. She began bleeding vaginally immediately after the trauma. She came under the care of Dr. Bennett, who prescribed Darvon.
Because of continuing pain and persistent symptoms, appellant came under the care of Dr. Schiwietz. Dr. Schiwietz's diagnosis was pelvic inflammatory disease and a separate cystic swelling or mass. He felt that the swelling could represent bleeding in the area of the left ligament, possibly caused by the trauma appellant received at work.
The doctor performed other diagnostic tests, including a pelvic laparoscopy, but was still unable to make a diagnosis as to the etiology of the cyst. He recommended that appellant undergo exploratory surgery to determine the cause of the cyst. During surgery, the doctor excised the cyst and performed a total hysterectomy to remove appellant's diseased structures caused by her pelvic inflammatory disease. The doctor stated that it would have been improper medical procedure not to remove the diseased structures during the abdominal surgery.
After surgery, the doctor was able to determine that the swelling was a congenital parametrial cyst, unrelated to appellant's accident at work. However, the doctor testified that without surgery, he would have been unable to determine the etiology of the cyst. He also testified that the trauma at work aggravated appellant's pelvic inflammatory disease.
The JIC found all diagnostic procedures prior to surgery compensable. However, he found the surgery noncompensable, since the purpose of the surgery was to determine the etiology of the cyst, which was found to be unrelated to the trauma. Accordingly, appellant was denied an award for the surgery and temporary disability benefits following surgery.
We disagree and reverse the order. It is clear the doctor felt that the swelling could have been caused by the trauma. In fact, there was no medical evidence to the contrary in the record. Compensability for diagnostic tests and surgery cannot be based upon an after-the-fact determination as to causation. It is the purpose of the diagnosis, as opposed to the ultimate causal relationship of the symptom, that determines whether or not the medical expenses necessary to make the diagnosis are compensable. Bridge Lumber Company v. Altman, IRC Order 2-3408 (April 21, 1978); Dura Clad Systems v. Jones, IRC Order 2-3073 (December 3, 1976), cert. denied, 348 So.2d 946 (Fla. 1977). Also see Banyas v. American Mutual Fire Insurance Company, 359 So.2d 506 (Fla. 1st DCA 1978), for an analogous situation involving Florida's no-fault auto insurance law.
There was no evidence to support the judge's finding of noncompensability. The only testimony was that of Dr. Schiwietz, who stated that the purpose of the surgery was to determine if the trauma caused the cyst. Therefore, we remand with instructions that the surgery be held compensable and for further findings as to appellant's temporary disability resulting from such surgery. The issue on cross-appeal is affirmed.
McCORD, LARRY G. SMITH and WENTWORTH, JJ., concur.