PER CURIAM.
Claimant urges the deputy erred by denying all temporary benefits. Although the reason in the order for denying such benefits may at first appear erroneous as a matter of law, the deputy clearly indicates in the transcript that he denied temporary benefits because claimant’s condition did not result in a loss of wage earning capacity. In turn, this determination is supported by competent substantial evidence.
The issues raised on cross appeal are without merit except for Point III which needs clarification. The employer and carrier challenge the payment of medical bills, including a hospital bill, for an uncompensable heart condition, pericarditis, which independently accompanied the com-pensable small airways disease. We find that before the diagnosis of the separate diseases, claimant’s combined symptoms caused his initial treatment, his hospitalization, and the need for diagnosis by Dr. Flores. The purpose of the diagnostic process was to determine the cause for the combined and even overlapping symptoms. The after-the-fact determination of causation does not affect the compensability of *1164 such diagnostic procedures. See generally, Barris v. Toppers of Florida, Inc., 382 So.2d 441 (Fla. 1st DCA 1980). However, to the extent that Dr. Hoe and Dr. Flores treated claimant’s pericarditis after its diagnosis by Dr. Flores, the medical bills related to this treatment are not reimbursable. If the parties cannot agree to the uncompensable amount, the deputy may take further evidence to make this determination.
The employer and carrier also complain the deputy improperly ordered further treatment by Dr. Barratta, a cardiologist. The record suggests that Dr. Barratta practices with Dr. Flores. However, there’s no evidence that Dr. Barratta treated claimant, that he is qualified to treat claimant’s lung disease, or that claimant requested a change in physicians. We amend this portion of the order to authorize Dr. Flores to further treat claimant for the small airways disease.
Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
McCORD, SHIVERS and JOANOS, JJ., concur.