JOANOS, Judge.
The employer/carrier in this workers’ compensation appeal challenges an order of the deputy commissioner finding that the Industrial Relations Commission (“IRC”) opinion which reversed the deputy’s initial order was dispositive of the issue of com-pensability and awarding compensation and medical benefits to the claimant. We find that the deputy was correct in her construction of the IRC opinion but reverse the portion of her order awarding medical benefits not related to the claimant’s compensa-ble injuries.
This workers’ compensation appeal has had a full procedural history despite its essentially undisputed facts. At the initial hearing, the testimony disclosed that on the morning of December 22, 1977, while driving to work in her car, the claimant made a one block detour in order to deposit her employer’s receipts from the previous day. After making the deposit, she proceeded to work along her normal route when, on the road adjacent to the office where she worked, she unexpectedly suffered a heart attack due to a pre-existing condition. The claimant lost consciousness; her car swerved off the road and hit a building in the apartment complex which housed the office. As a result of the collision, she broke her knee, several ribs, two teeth, and a dental plate. After considering the evidence, the deputy commissioner entered an order denying compensability of the claim on the ground that claimant’s heart attack was not a result of unusual exertion on the job as required by Victor Wine and Liquor, Inc. v. Beasley, 141 So.2d 581 (Fla.1961). The deputy stated that her decision on this point rendered moot the other defenses raised by the employer/carrier, which included the arguments that the accident did not arise out of and in the course of employment and that the “going and coming” rule applied.
The claimant appealed to the IRC raising six points. Among the issues raised, claimant argued that her collision-related injuries were compensable since they were directly caused by a combination of an idiopathic condition (pre-existing heart disease) and the work place (use of an automobile). The IRC apparently agreed with this argument because it reversed the deputy’s order stating that the deputy erred in applying the Victor Wine rule since the “vital point in this case is the fact that [claimant] was in an automobile as part of her employment and this fact was a contributing cause to her subsequent injuries.” Pickens v. Sam L. Rudd Leasing, Inc., Fla., 381 So.2d 769 (1979). After this ruling, the employer-carrier sought certiorari review before the Florida Supreme Court, which denied. Sam L. Rudd Leasing, Inc. v. Pickens, 381 So.2d 769 (Fla.1979).
*99 On remand from the IRC, the deputy determined that the IRC order constituted a finding as a matter of law that the claimant’s orthopedic and dental injuries arose out of and in the course of employment. For good measure, the deputy also ruled that the “going and coming” defense was inapplicable. In addition, the deputy awarded temporary and permanent disability as well as medical benefits for claimant’s non-cardiac injuries. In its challenge to the deputy’s order, the employer/carrier raised three issues on appeal: (1) whether the injuries resulted from an accident arising out of employment; (2) whether the injuries resulted from an accident in the course of employment (i. e., whether the “going and coming” rule applies); and (3) whether the medical benefits awarded to claimant were related to a compensable injury. We hold that the first two issues have already been resolved by the IRC and are, therefore, subject to the law of the case. Regarding the third issue, however, the record does disclose that a part of medical benefits awarded were due to treatment of her preexisting cardiac disease rather than her collision-related injuries.
With regard to the effect of the IRC order, the employer/carrier argues that because the deputy in her first order relied solely on Victor Wine and declined to rule on whether the accident arose out of and in the course of employment, any determination by the IRC other than their ruling that Victor Wine was inapplicable is merely obi-ter dictum. We cannot agree. According to Huddock v. Grant Motor Co., 228 So.2d 898 (Fla.1969), where the material facts essential to the determination of whether an accident arose out of and in the course of employment are not in dispute, the question of compensability is one of law. The claimant’s application for review and both parties’ arguments before the IRC demonstrate that the parties argued and the IRC disposed of the legal issues revolving around a set of essentially undisputed facts. Despite the deputy’s failure to reach those legal issues, the IRC was asked to reach its own conclusion on its review of the material facts.
IRC orders are subject to the same rules of law of the case as are court orders. Hodges v. State Road Department, 171 So.2d 523 (Fla.1965). In this case, the IRC’s ruling that the claimant was in her automobile as a part of her employment and that use of the automobile contributed to her injuries effectively disposed of the employer/carrier’s position that claimant’s accident did not arise out of or in the course of employment. The IRC’s disposition of that argument and the subsequent denial of cer-tiorari by the Florida Supreme Court are the law of the case; as such, this Court will not reconsider what amounts to a second appeal of issues already decided by the IRC. See Greene v. Massey, 384 So.2d 24 (Fla.1980); Strazzulla v. Hendrick, 177 So.2d 1 (Fla.1965).
The third issue raised by the employer/carrier is appropriate for determination by this Court since medical benefits were never discussed in any prior order. In the order which is the subject of this appeal, the deputy’s finding of compensability was limited to the collision-related injuries, and this finding has not been challenged by claimant. Disability and medical treatment that resulted solely from the claimant’s heart condition, therefore, were not award-able. Admittedly, apportionment of medical costs between cardiac and non-cardiac care was a difficult task in this case due to the simultaneous presence of both compen-sable and non-compensable injuries as well as the similarity in medications used to treat each. There is competent substantial evidence that the medical benefits awarded for claimant’s first hospitalization and domestic help were necessitated by her orthopedic and dental injuries. When claimant was hospitalized a second time, however, between February 27, 1978 and March 3, 1978, her physician testified that although claimant was treated for phlebitis, which was related to the collision, she was also treated for her heart failure. According to the treating physician’s testimony (and there was no other medical testimony on this point), although claimant was admitted *100 to the hospital for treatment of phlebitis, only the heart condition required hospitalization. Thus, the deputy erred in awarding the costs of the entire hospitalization and in not separating out the treatments for heart failure from the treatments for phlebitis.
Accordingly, the order of the deputy commissioner is affirmed in part, reversed in part, and remanded to the deputy commissioner with instructions to enter an order consistent with this opinion awarding medical benefits for only collision-related injuries.
MILLS, C. J., and SHAW, J., concur.