491 So.2d 585 (1986)
Lanoris NEALY, Appellant,
v.
CITY OF WEST PALM BEACH and Crawford & Company, Appellees.
No. BI-365.
District Court of Appeal of Florida, First District.
July 9, 1986.
Timothy H. Kenney of Timothy H. Kenney, P.A., West Palm Beach, for appellant.
Marta M. Suarez-Murias of James W. Vance, P.A., West Palm Beach, for appellees.
WIGGINTON, Judge.
In this workers' compensation appeal, claimant challenges the deputy commissioner's order denying his claim for a diagnostic test. We reverse.
Claimant injured his lower back in a compensable accident on July 31, 1979. On January 6, 1985, he re-injured the same area of his back in a noncompensable automobile accident. Claimant had been receiving treatment for his industrial injury by Dr. Wilson, a neurologist, since May 19, 1982, and continued to receive treatment following the automobile accident. Dr. Wilson testified that aside from complaints of increased pain, claimant's complaints after the accident were essentially the same as they were before. Claimant, on the other hand, maintained that his back pain was intensifying prior to the accident.
*586 Approximately two months after the second accident, Dr. Wilson suggested that claimant undergo a CAT scan of his lumbar spine to determine whether there had been any alteration in his bulging disc as identified in his last evaluation in 1982. The doctor later suggested that the CAT scan be supplanted by an MRI or NMR test because of its diagnostic superiority. He advised the employer/carrier by letter that he was recommending the test "due to an exacerbation of the patient's pain." At deposition, he emphasized that the need for the test was related to the compensable injury, as he was unable to distinguish whether the original accident or the subsequent automobile accident was responsible for claimant's present condition. He explained that he would be better able to make the determination of causation after the test. Dr. Wilson opined that he probably would have administered the test in the future even absent the second accident since claimant had exhibited an abnormality in his myelogram from the beginning.
Despite Dr. Wilson's testimony, the deputy denied the claim for the test. The deputy found that the need for the test was due entirely to claimant's increased complaints of pain following the automobile accident and not due, even in part, to the continuing care of claimant by Dr. Wilson for the compensable injury. In so holding, the deputy erred.
As claimant argues, the record is clear that the primary purpose of the test was to gain an understanding of the interrelationship of the accidents. Whenever the purpose of the diagnostic test is to determine the cause of a claimant's symptoms, which symptoms may be related to a compensable accident, the cost of the diagnostic test is compensable. Boykin v. American Marine Products, Inc., 395 So.2d 1163 (Fla. 1st DCA 1981). This is true even though it should later be determined that the claimant suffered from both compensable and noncompensable conditions. Barris v. Toppers of Florida, Inc., 382 So.2d 441 (Fla. 1st DCA 1980).
We hold that Boykin and Barris control the outcome of this case. Glades County Sugar Growers v. Gonzales, 388 So.2d 333 (Fla. 1st DCA 1980), and Newhouse v. Volusia County School Board, 474 So.2d 1222 (Fla. 1st DCA 1985), relied on by the E/C, are distinguishable, as they involved claims not for diagnostic studies, but, instead, for medical treatment, and the issue of causal chain between the compensable and noncompensable accidents and all claims.
Accordingly, we reverse the deputy's order denying the claim for the diagnostic test and remand this cause for the deputy to grant the claim.
SMITH, and JOANOS, JJ., concur.