522 So.2d 435 (1988)
Hernando SANCHEZ, Appellant,
v.
SECURITY SALES COMPANY and Zurich Insurance Company, Appellees.
No. 87-402.
District Court of Appeal of Florida, First District.
March 10, 1988.
Rehearing Denied April 12, 1988.
Renee R. Pelzman of Levine, Busch, Schnepper & Stein, P.A., Miami, for appellant.
Michael Fichtel of Adams, Kelley, Kronenberg & Kelley, Miami, for appellees.
JOANOS, Judge.
Hernando Sanchez appeals the final order of the deputy commissioner which denied payment of doctor and hospital bills. Sanchez argues that the bills were for medical services related to his original compensable injury.
We reverse the deputy's denial of claimant's request for payment of hospital and doctor bills incurred when he was admitted to the hospital for diagnostic testing involving his heart. The record reveals that, upon arrival at the emergency room complaining of chest pains, claimant was admitted to the hospital for two days of observation and testing because of claimant's previous history of arrhythmia which arose during surgery for a compensable injury. It was determined after testing, upon claimant's release from the hospital, that *436 claimant's chest pain was not related to his prior surgery for the compensable injury. However, we find that but for such prior history of arrhythmia which surfaced during the surgery, claimant might not have been admitted to the hospital for diagnostic testing. Further, "[w]henever the purpose of the diagnostic test is to determine the cause of claimant's symptoms, which symptoms may be related to a compensable accident, the cost of the diagnostic test is compensable." Nealy v. City of West Palm Beach, 491 So.2d 585, 586 (Fla. 1st DCA 1986). See also Abbott v. Price Plumbing Inc., and F.C.C.I., 500 So.2d 698 (Fla. 1st DCA 1987), and cases cited within.
Reversed and remanded for proceedings consistent with this opinion.
BOOTH and THOMPSON, JJ., concur.