ERVIN, Judge.
The claimant appeals the final order of the deputy commissioner (dc), denying medical treatment and a change of treating physicians, as well as determining that “the claimant has fully recovered from that injury with no permanent impairment [PI] and no work restrictions.” We reverse the dc’s order on two points: First, the evidence is insufficient to support the finding that the claimant had fully recovered, and second, the dc erred in addressing the issue of PI and work restrictions.
The claimant suffered from discomfort in his lower back while shoveling and using a jackhammer during the course of his employment. He was referred to Dr. Richards, an orthopedist, who diagnosed the claimant as suffering from a, soft tissue strain of the lumbosacral structures. The x-rays taken were normal, revealing no abnormalities in the lumbosacral spine. After treating the claimant for approximately two years and placing him in a physical therapy program, Dr. Richards stated that he did not know anything more he could do for the claimant from an orthopedic standpoint. Two other orthopedists, Dr. Zilioli and Dr. Stanford, also examined the claimant and similarly opined that no objective orthopedic pathology could be found. Dr. Zilioli moreover was of the view not only that there was no evidence of PI but that the claimant was physically capable of working from an orthopedic standpoint.
The claimant was also seen by Dr. Kolin, a psychiatrist, who diagnosed him as suffering from atypical anxiety and personality with paranoid features. Dr. Kolin periodically saw the claimant from 1981-1983, and while noting his progress never diagnosed the claimant as having reached maximum medical improvement (MMI) from a psychiatric standpoint.
In January 1987, the claimant filed an application for hearing, requesting an independent medical examination (IME) and treatment, if necessary, by another physician. The dc found that the care already provided the claimant by the employer/carrier was “completely adequate” and that “a change in treating physicians would not be in the claimant’s best interests.” Although competent, substantial evidence (CSE) supports the dc’s finding, based on the medical records of all three orthopedists, that further orthopedic treatment would be unavailing, we cannot reach the same conclusion as to the claimant’s psychiatric treatment. At no point did Dr. Kolin state that the claimant’s psychiatric *818 condition had reached MMI, nor did he indicate that the claimant could be released with no PI. As the record is silent on this issue, the dc’s holding that the claimant “has fully recovered” is not supported by CSE.
We also conclude that the dc’s order addresses issues of PI and work restrictions that were not properly noticed and therefore not ripe for adjudication. See Allman v. Meredith Corp., 451 So.2d 957 (Fla. 1st DCA 1984). It is clear from the record that the claimant only intended that the issue of an IME or further medical treatment be litigated. The dc’s order, additionally determining no PI and no work restrictions, could conceivably be construed as res judicata as to those issues. The claimant is clearly prejudiced by such a ruling in that the e/c did not raise the issues as affirmative defenses and the claimant was prepared only to present evidence on the question of medical treatment.
The order of the dc denying an IME and determining that claimant has fully recovered from his injury with no PI is reversed and remanded for further proceedings. On remand, the dc may allow additional testimony as to the claimant’s need for further psychiatric treatment by Dr. Kolin, or, if necessary, order an IME by another psychiatrist.
AFFIRMED in part, REVERSED in part and REMANDED for further consistent proceedings.
JOANOS and NIMMONS, JJ., concur.