NIMMONS, Judge.
The claimant in this workers’ compensation proceeding appeals the deputy’s denial of payment of past medical bills. We reverse in part and affirm in part.
Appellant suffered damage to his brain and central nervous system from exposure to pesticides in the course of his employment. He also suffers from cardiovascular problems, but the medical evidence was insufficient to establish a causal link between the cardiovascular problems and the pesticide exposure.
Much of the medical attention received by appellant occurred outside of the State of Florida. The deputy found that, with the exception of treatment by Dr. Gard, a California specialist, the employer/carrier is not obligated to pay for treatment provided by the out-of-state physicians. This denial of payment was based upon the principle that a claimant who seeks payment for out-of-state treatment or evaluation must demonstrate that equally beneficial treatment was not available in Florida. See Layne-Western Company v. Cox, 497 So.2d 955 (Fla. 1st DCA 1986). The deputy found that appellant made such a showing only as to Dr. Gard. Appellant appeals the denial of payment for out-of-state evaluation and treatment, and the E/C cross-appeals the deputy’s ruling that it is obligated to pay for Dr. Gard’s treatment.
We need not reach the merits on the question of whether the above referred principle is supported by the evidence in this case because we agree with appellant’s contention that this defense to payment of the medical expenses was not properly noticed and therefore should not have been considered by the deputy. Scott v. Amick Corporation, 529 So.2d 816 (Fla. 1st DCA 1988). Accordingly, the award of payment for Dr. Gard’s treatment is affirmed and the denial of payment for other out-of-state treatment and evaluation is reversed.
We also reverse the denial of appellant’s claim for payment of medical expenses incurred in the diagnosis of the noncompensable cardiovascular condition. The diagnostic procedures were performed after the occurrence of the exposure to the pesticide, and the efforts to diagnose the nature and cause of appellant’s compensa-ble injuries were to an extent intermingled with the efforts to diagnose the non-com-pensable condition. Furthermore, it appears that the pesticide exposure was not ruled out as a potential cause of the cardiovascular condition until after the diagnostic procedures had been performed. Whenever the purpose of the diagnostic test is to determine the cause of a claimant’s symp *828 toms, which symptoms may be related to a compensable accident, the cost of the diagnostic test is compensable, even if it should later be determined that the claimant suffered from both compensable and noncom-pensable conditions. Sanchez v. Security Sales Company, 522 So.2d 435 (Fla. 1st DCA 1988); Nealy v. City of West Palm Beach, 491 So.2d 585 (Fla. 1st DCA 1986); Boykin v. American Marine Products, Inc., 395 So.2d 1163 (Fla. 1st DCA 1981).
The deputy also denied payment for past medical treatment relating to appellant’s noncompensable cardiovascular problems. We therefore remand with directions that the deputy deny payment for past remedial treatment only to the extent that the E/C demonstrates that such non-diagnostic treatment was solely related to the cardiovascular condition. Sam L. Rudd Leasing U.S.A. v. Beck, 399 So.2d 97 (Fla. 1st DCA 1981); Boykin, supra.
AFFIRMED in part and REVERSED in part and REMANDED.
WENTWORTH and ZEHMER, JJ., concur.