ALLEN, Judge.
The claimant appeals a workers’ compensation order denying a claim for payment for diagnostic testing and evaluation which did not confirm a causal relationship between the claimant’s complaints and his industrial accident. Because these medical services were performed in connection with complaints which the doctors felt were most likely attributable to the industrial accident, we conclude that such services are compensable.
The claimant injured his wrist in an industrial accident, and later developed problems including chest and neck pain as well as weakness and pain in his leg and hand. After being seen by various doctors during several months of persistent complaints, the claimant was referred to the Mayo Clinic. The clinic doctor who initially saw the claimant felt that he might be developing post-traumatic reflex sympathetic dystrophy as a result of the industrial accident, which the doctor described as the “most probable cause.” Additional testing and evaluation did not substantiate this theory, and the clinic doctors eventually suggested that the claimant’s complaints were of unknown etiology which may not be attributed to the industrial accident.
Even though the diagnostic testing and evaluation ultimately failed to relate the claimant’s complaints to the industrial accident, the purpose for which such services are undertaken, rather than the results thereof, determines compensability. See Watkins v. Resources Property Management, 596 So.2d 768 (Fla. 1st DCA 1992); Nealy v. City of West Palm Beach, 491 So.2d 585 (Fla. 1st DCA 1986); Barris v. Toppers of Florida, 382 So.2d 441 (Fla.1980). Because the medical evidence indicates that the diagnostic testing and evaluation at the Mayo Clinic was undertaken upon the theory that the claimant was developing a condition which resulted from the industrial accident, the employer/carrier should have been ordered to pay for such services. Watkins; Nealy; Barris.
The appealed order is reversed, and the cause remanded.
LAWRENCE, J., and SHIVERS, Senior Judge, concur.