2001 SD 64

**Stacy METTLER, Claimant
and Appellee,**

v.

**SIBCO, INC. (Snelling Personnel and
Western Temporary Services) and Cig-
na Insurance Companies, Employer,
Insurer and Appellant.**

No. 21648.

Supreme Court of South Dakota.

Considered on Briefs on April 24, 2001.

Decided May 23, 2001.

Kenneth L. Chleborad of Costello, Port-
er, Hill, Heisterkamp, Bushnell & Carpen-

ter Rapid City, SD, Attorneys for claimant and appellee.

Craig A. Pfeifle of Lynn, Jackson, Shultz and Lebrun Rapid City, SD, Attorneys for employer, insurer and appellant.

MILLER, Chief Justice.

[¶ 1.] In this workers' compensation appeal, we hold that under these facts employee's gynecological medical expenses incurred in the course of diagnosing her pain are compensable.

## FACTS

[¶ 2.] Stacy Mettler worked for Sibco, Inc. When she arrived at work on December 15, 1993, the parking lot designated for her use was icy. She fell while traversing the ice and landed on her posterior. She immediately informed her supervisor. Mettler noted that a bruise developed. She continued to work but alleges that her pain increased over time.

[¶ 3.] Mettler sought medical attention in early 1994 because she had persistent pelvic pain and backache. Due to the type of pain complaints, coupled with Mettler's female gender, several medical providers suspected the cause of her pain could be gynecological. The medical providers conducted gynecological tests and did find and treat mild endometriosis,[1] but Mettler's pain continued.

[¶ 4.] She continued to see different medical providers due to her continuing inexplicable pain. Eventually, she was diagnosed with sacroiliac joint dysfunction caused by the fall. She informed Sibco of this diagnosis even though it had terminated her in February 1994.

[¶ 5.] Mettler underwent sacroiliac joint surgery in August 1994 and again in August 1995 with minimal success. She then attended a pain clinic. At the pain clinic, Mettler completed a functional capacities evaluation (FCE) that indicated she could perform part-time sedentary work. Two of Sibco's witnesses, however, indicated that part-time sedentary work would cause Mettler pain. The pain clinic also determined that Mettler suffered from many life stresses causing her further difficulty in tolerating her pain. Sibco's own psychologist found that Mettler's fall and resultant pain had exacerbated her pre-existing depression and that she would be incapable of returning to full-time gainful employment.

[¶ 6.] Mettler's case came before the Department in May of 1997. Upon appeal by Sibco, the circuit court remanded the case for further consideration of the disputed medical expenses and the temporary total disability benefits. The Department ultimately decided Mettler was entitled to temporary total disability benefits and ordered Sibco to pay certain disputed medical bills. Sibco appealed again and the circuit court: (1) affirmed the DOL's finding that Mettler was permanently disabled; (2) affirmed the DOL's that order required Sibco to pay certain disputed medical expenses, and further ordered Sibco to pay all remaining disputed medical expenses; and, (3) affirmed the DOL's award of temporary total disability benefits to Mettler. Sibco appeals the circuit court's decision. We affirm.

## STANDARD OF REVIEW

[¶ 7.] We give great weight to a department's findings of fact. SDCL 1–

---

1. Endometriosis is "a condition in which tissue more or less perfectly resembling the uterine mucous membrane (the endometrium) occurs aberrantly in various locations in the pelvic cavity." *Dorland's Illustrated Medical Dictionary* 518 (25th ed., W.B. Saunders Co.1974).

26–36. We review the findings of fact in the same manner as the circuit court. *Johnson v. Albertson's,* 2000 SD 47, ¶ 19, 610 N.W.2d 449, 453 (citations omitted). The purpose of our review is to determine if the department's findings of fact are clearly erroneous in light of all the evidence, which means we will reverse only if we are definitely and firmly convinced a mistake has been made. *Id.* (citations omitted). Determining if a claimant " 'belongs in the odd lot total disability category is a question of fact' " *Lends His Horse v. Myrl & Roy's Paving, Inc.,* 2000 SD 146, ¶ 9, 619 N.W.2d 516, 519. We do not substitute our judgment for the Department's on the weight of the evidence or the credibility of witnesses. *Id.* ¶ ¶ 9, 15. Questions of law are reviewed de novo. *Johnson,* 2000 SD 47, ¶ 19, 610 N.W.2d at 453.

## DECISION

[¶ 8.] **Mettler's medical expenses incurred in the course of diagnosing the cause of her pain are compensable.**

[¶ 9.] This is a unique issue presented to us for the first time. Sibco denies liability for gynecological testing done in the course of diagnosing the cause of Mettler's pain. As the pain clinic's psychiatrist, Dr. Cho, observed:

> [I]t is reasonable and necessary because we need to sort it out what is the real problem. She was having pain in the right gluteal area. And because of female and that age often we do see a patient with a back pain, vague back pain, nothing to do from the back, but it's more female organ problems. So in her case I think those type of evaluation is required and necessary.

We are persuaded by the following authority:

> Whenever the purpose of the diagnostic test is to determine the cause of a claimant's symptoms, which symptoms may be related to a compensable accident, the cost of the diagnostic test is compensable, even if it should later be determined that the claimant suffered from both compensable and noncompensable conditions.

*Perry v. Ridgecrest Intern.,* 548 So.2d 826, 827–28 (Fla.App.1989) (citations omitted). Furthermore, we have previously acknowledged that there may be instances where nonwork related diseases are nonetheless covered under workers' compensation insurance such as, " 'where the treatment for nonwork related disease would be unnecessary but for the work related injury.' " *Rank v. Lindblom,* 459 N.W.2d 247, 250–51 (S.D.1990). This is just such an instance.

[¶ 10.] The record reflects that the bills for which Sibco denies liability were explicitly performed for diagnostic purposes. While it is true the diagnostic surgery discovered mild endometriosis, which was treated during the surgery, Mettler's pain continued and the medical providers doubted Mettler's pain related to the mild endometriosis. The medical evidence clearly indicates these procedures were reasonable and necessary in progressing toward Mettler's ultimate diagnosis of sacroiliac joint dysfunction. Accordingly, we affirm the circuit court's decision to find all these disputed medical expenses compensable.

[¶ 11.] Sibco also asserts that Department erred in finding that Mettler was entitled to temporary disability benefits, in finding that Mettler is permanently disabled, and in denying its petition for review. We have considered all of these issues under the appropriate standard of review and find them totally lacking in merit.

[¶ 12.] Affirmed.

[¶ 13.] SABERS, AMUNDSON, KONENKAMP, and GILBERTSON, Justices, concur.