869 So.2d 1269 (2004)
Donald GRAINGER, Appellant,
v.
INDIAN RIVER TRANSPORT/ZURICH U.S., Appellees.
No. 1D02-4776.
District Court of Appeal of Florida, First District.
April 19, 2004.
*1270 Gary Boynton, Orlando and Bill McCabe, Longwood, for Appellant.
H. George Kagan of Miller, Kagan, Rodriguez and Silver, P.A., West Palm Beach, for Appellees.
PER CURIAM.
The claimant appeals an order denying his request for a neurological examination and his related motion for attorney fees. We reverse. The judge of compensation claims should have granted the requested examination and, because the claimant should have prevailed on that point, he is also entitled to attorney fees. In January of 2000, the claimant was diagnosed with right carpal tunnel syndrome, which the employer and carrier accepted as compensable. He underwent surgery for carpal tunnel release on his right hand on March 31, 2000. In May of 2000, he began treating with orthopedist Dr. Brian Barnard for complaints of migraine headaches, paracervical muscle pain, numbness in his right arm, burning pain in the right forearm and hands, and tenderness in his right palm at the operative site of the carpal tunnel surgery. He continued treating with Dr. Barnard for a little more than a year.
In his notes from the claimant's final visit in September of 2001, Dr. Barnard expressed the opinion that the claimant's symptoms did not seem to be due to carpal tunnel syndrome. However, he recommended that the claimant have a neurological evaluation to determine whether there was such a relationship. Dr. Barnard stated that he "would like to see the [claimant] back if there is any indication of the symptoms being related to carpal tunnel syndrome."
The claimant then filed a petition for benefits on January 15, 2002, seeking evaluation by a neurologist. Dr. Barnard was deposed in connection with the claim. He testified that he could not say within a reasonable degree of medical certainty that the claimant's need for treatment by a neurologist was directly related to the compensable accident. He explained that he did not know the reason for the claimant's symptoms and that a neurologist would be needed to make that determination.
On October 22, 2002, following the hearing on the petition for benefits, the judge of compensation claims entered an order denying the claim for a neurological evaluation and also denying attorney fees and costs. The judge found Dr. Barnard credible and accepted his opinions. However, *1271 he went on to find that the doctor's referral to a neurologist was based on speculation alone, noting that there was no indication in the record to support the contention that the industrial injury was the major contributing cause of the need for the suggested evaluation.
The claimant correctly contends that he needed to show only that an evaluation was reasonably required by the nature of his injury to obtain an evaluation as to the etiology of his condition. He argues that the undisputed facts establish that a neurological evaluation was reasonably required by the nature of his injury. Because the purpose of the recommended neurological evaluation was to determine whether his ongoing symptoms were related to his carpal tunnel syndrome, the claimant maintains that he was entitled to the evaluation.
This argument is based primarily on our decision in Sumner v. Gardinier, Inc., 526 So.2d 1068 (Fla. 1st DCA 1988), which stands for the principle that the employer should be ordered to pay for a diagnostic test, when the purpose of the test "is to determine the cause of a claimant's symptoms, which symptoms may be related to a compensable accident." Sumner, 526 So.2d at 1070; see also Green v. Chromalloy-Turbocumbustor, 540 So.2d 874 (Fla. 1st DCA 1989). The correctness of an order refusing a medical evaluation "must be tested by whether the claimant adequately demonstrated that [the evaluation was] reasonably required by the `... nature of the injury....'" Sumner, 526 So.2d at 1070. If the claimant meets this burden, then the evaluation should be ordered. Id.; see also Green, 540 So.2d at 876; Prince v. Prince Ins. Servs., 556 So.2d 1195 (Fla. 1st DCA 1990).
On the evidence presented here, the judge should have granted the request for a neurological evaluation. Even if it is ultimately determined that the claimant's symptoms were not caused by his carpal tunnel syndrome, the employer and carrier should have been ordered to pay for the evaluation to determine the etiology of his medical problem. It is the purpose of the diagnostic testing and evaluation, not the results thereof, that determines the compensability of such services. See Prince, 556 So.2d at 1196; Martinez v. Assoc. of Poinciana, 642 So.2d 118, 119 (Fla. 1st DCA 1994).
The employer and carrier attempt to distinguish the Sumner case by pointing out that the version of the workers' compensation statute in effect at the time of Sumner made no formal provision for an independent medical examination. Therefore, the employer and carrier contend, it was proper for the court to award an evaluation by a urologist in Sumner, but only a request for an independent medical examination under the current statute was proper in the present case. This analysis, however, places form over substance. The reasoning behind the Sumner opinion remains valid, whether the claimant formally requests an independent medical examination or phrases his request as an "evaluation" with a given type of physician. The judge applied an incorrect standard when he ruled that the record did not show that the carpal tunnel was the major contributing cause of the need for the suggested evaluation. A claimant must establish a causal relationship between his injury and the compensable accident in order to secure treatment, but not to be entitled to diagnostic testing to determine the cause of his symptoms. See Kohout v. Benefit Administrators, 781 So.2d 1164, 1165 (Fla. 1st DCA 2001); Kentucky Fried Chicken v. Tyler, 716 So.2d 295 (Fla. 1st DCA 1998).
*1272 The claimant in the present case established through the testimony and medical records that the nature of his injury made the requested evaluation reasonably necessary to determine whether the industrial accident was the cause of his symptoms. See Sumner, 526 So.2d at 1070. Because this was demonstrably the purpose of the evaluation, the claimant was entitled to a diagnostic neurological examination.
For these reasons we reverse the order of the judge of compensation claims with instructions to grant the neurological examination and to award attorney fees on the petition for benefits.
Reversed.
WOLF, C.J., ERVIN and PADOVANO, JJ., Concur.