PER CURIAM.
In this appeal, Claimant argues for reversal of the Judge of Compensation Claims’ (JCC) order on three grounds: (1) the JCC erroneously determined she was not entitled to a diagnostic MRI of her right shoulder because her workplace accidents were not the major contributing cause (MCC) of her need for such testing; (2) the JCC’s finding that her workplace accidents were not the MCC of her low back injury was not supported by competent, substantial evidence; and (3) the JCC erroneously awarded costs to the Employer/Carrier (E/C) and denied Claimant’s request for attorney’s fees and costs because Claimant, not the E/C, should have been the prevailing party. We affirm the JCC’s decision regarding the MCC of Claimant’s low back injury without comment, but reverse and remand the denial of a diagnostic MRI, the award of costs to the E/C, and the denial of attorney’s fees and costs to Claimant.
On December 1, 2004, Claimant and a co-worker were transporting tables in the course and scope of them employment using a golf cart and trailer. They stacked the tables on top of the trailer and Claimant rode on top of the stack. When the coworker drove up an incline, the tables and Claimant slid off and hit the ground. The accident injured Claimant’s right shoulder, neck, ear, and low back.
Approximately two months later, on February 4, 2005, Claimant slipped on ice on the floor of the teachers’ lounge and fell. Claimant testified her back and arms were still in pain from the December 2004 accident, so it was difficult to isolate exactly what was injured. However, her left wrist was stiff for several days after the fall.
The E/C subsequently authorized treatment with Dr. Band, an occupational medicine physician. Dr. Band testified he attempted to examine Claimant’s right shoulder, but it was difficult to make an accurate diagnosis because Claimant was unwilling to abduct or flex the extremity due to significant pain. He ordered an MRI of her neck and x-rays of her right shoulder, which were inconclusive. Ultimately, Dr. Band referred Claimant to an orthopedist to determine the organic cause of her pain.
The E/C authorized Dr. Desai, an orthopedic surgeon, to evaluate Claimant. He recommended she undergo an MRI of the right shoulder to determine whether there was a tear in the rotator cuff tendon. Dr. Desai testified an MRI would help diagnose the etiology of Claimant’s right shoulder symptoms. Neither Dr. Band nor Dr. Desai was able to pinpoint the cause of Claimant’s right shoulder pain without further testing.
In his final order, the JCC denied medical care, treatment, and further diagnostic testing for Claimant’s right shoulder. The JCC rationalized there was no competent, substantial evidence establishing the MCC of her need for treatment and testing was the December 2004 or February 2005 accidents because neither of Claimant’s authorized physicians could determine whether either accident was the MCC of her current right shoulder condition. Consequently, the JCC found Claimant was not entitled to attorney’s fees or costs because she failed to prevail in her claim, and instead awarded reasonable costs to the E/C pursuant to section 440.34(3), Florida Statutes.
The JCC applied the incorrect standard when he held Claimant was not entitled to a diagnostic MRI because there was no competent, substantial evidence that the *73 industrial accidents were the MCC of her right shoulder condition. See Grainger v. Indian River Transp./Zurich U.S., 869 So.2d 1269, 1271 (Fla. 1st DCA 2004) (holding the JCC applied the incorrect standard where he ruled the record did not show the claimant’s workplace injury was the MCC of his need for an evaluation); see also Somoza v. Sears Serv. Ctr. Specialty Risk Servs., Inc., 868 So.2d 591, 592 (Fla. 1st DCA 2004) (holding the JCC erred in denying authorization for a MRI where the test was requested by an authorized physician to determine the causal relationship between a claimant’s injury and workplace accident).
“A claimant must establish a causal relationship between his injury and the compensable accident in order to secure treatment, but not to be entitled to diagnostic testing to determine the cause of his symptoms.” Gminger, 869 So.2d at 1271 (emphasis in original). “Whenever the purpose of the diagnostic test is to determine the cause of a claimant’s symptoms, which symptoms may be related to a compensable accident, the cost of the diagnostic test is compensable.” Nealy v. City of W. Palm Beach, 491 So.2d 585, 586 (Fla. 1st DCA 1986). “This is true even though it should later be determined that the claimant suffered from both compensable and non-compensable conditions.” Id.
Thus, the MCC standard should not have been applied to bar Claimant from receiving an additional diagnostic test to determine the cause of her symptoms. Dr. Desai testified an MRI was necessary to determine the exact cause of Claimant’s right shoulder pain. Therefore, the test was compensable, even if Claimant’s right shoulder condition is eventually determined to be non-compensable.
Because Claimant should have prevailed in her request for further diagnostic testing, the JCC’s denial of attorney’s fees and costs is not supported by competent, substantial evidence. Likewise, the E/C is not entitled to costs as the prevailing party. However, the JCC’s denial of attorney’s fees and costs related to Claimant’s low back condition is supported by competent, substantial evidence because Claimant failed to prevail as to that claim.
The JCC’s order is AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
KAHN, DAVIS, and CLARK, JJ., concur.