WEBSTER, J.
 

 In this workers’ compensation appeal, claimant challenges an order of the judge of compensation claims on three grounds. Because we agree the judge committed reversible error when he denied claimant’s request for an orthopedic referral on the ground claimant failed to establish objective relevant medical findings to support the referral, we need not address the other issues.
 

 Claimant suffered a workplace injury that the employer and carrier accepted as compensable. The employer and carrier authorized treatment at an occupational health clinic, where claimant was examined on several occasions, alternately by a doctor and a nurse. Unable to determine an objective basis for claimant’s continued pain complaints, both health care providers recommended an orthopedic evaluation. Relying on the nurse’s written statements that claimant’s pain complaints were subjective, the employer and carrier refused to authorize the orthopedic referral, contending there were no objective relevant
 
 *764
 
 medical findings justifying the evaluation as required by section 440.09, Florida Statutes (2007). The judge agreed with that argument and denied claimant’s request for the evaluation.
 

 Section 440.09 is entitled “Coverage.” Subsection (1) provides, in pertinent part:
 

 The employer must ... furnish benefits required by this chapter if the employee suffers an accidental compensable injury ... arising out of work performed in the course and the scope of employment. The injury, its occupational cause, and any resulting manifestations or disability must be established to a reasonable degree of medical certainty, based on objective relevant medical findings....
 
 Pain or other subjective complaints alone, in the absence of objective relevant medical findings, are not compen-sable. For purposes of this section, “objective relevant medical findings” are those objective findings that correlate to the subjective complaints of the injured employee and are confirmed by physical examination findings or diagnostic testing.
 

 (Emphasis added.)
 

 In denying claimant’s entitlement to an orthopedic evaluation, the judge relied on the emphasized language of subsection (1). This was error. By its plain meaning, this language applies to
 
 compensability
 
 of “[pjain or other subjective complaints.” It is inapplicable in determining whether a claimant is entitled to a specialist evaluation recommended by his or her authorized treating physician. Entitlement to such a referral is governed, as is all medical treatment or care, by section 440.13(2)(a), Florida Statutes (2007), which requires a showing of medical necessity.
 

 Here, the employer and carrier never contested the medical necessity of the referral, and the uncontradicted evidence was that claimant’s authorized medical care provider made repeated recommendations for an orthopedic evaluation. Claimant’s doctor testified that the compensable accident was the major contributing cause of the need for the evaluation, and that the purpose of the evaluation was to determine whether claimant’s ongoing symptoms were related to his injury — or at least to determine whether there was an objective basis for claimant’s symptoms. In such circumstances, this court has held a claimant is entitled to an evaluation.
 
 See Grainger v. Indian River Transport/Zurich U.S.,
 
 869 So.2d 1269, 1271 (Fla. 1st DCA 2004) (holding that the judge of compensation claims erred by not requiring the employer and carrier to pay for an evaluation to determine the etiology of claimant’s medical problem, and that it is the purpose of the evaluation, not its result, that determines its compensability).
 

 Because the judge erroneously denied claimant’s request for an orthopedic evaluation recommended by his authorized treating physician, we reverse and remand for further proceedings consistent with this opinion.
 

 REVERSED and REMANDED, with directions.
 

 WOLF and CLARK, JJ., concur.