PER CURIAM.
 

 In this workers’ compensation case, the claimant sought an orthopedic evaluation based on undisputed medical testimony that the evaluation was necessary to determine whether there were objective findings to support her claim of knee pain. The Judge of Compensation Claims initially denied the claim on the ground that section 440.09(1), Florida Statutes (2007), precluded an award because there were no objective relevant medical findings of an injury. On appeal, this court issued an opinion stating, in its entirety: “REVERSED and REMANDED.
 
 See Morrow v. Sam’s Club,
 
 17 So.3d 763 (Fla. 1st DCA2009).”
 

 On remand, the judge denied the evaluation, once again, this time finding that the medical referral was for a transfer of care rather than an evaluation. Although our earlier opinion in this case could have been more detailed, we conclude now, as we did then, that the evaluation is required by our holding in the
 
 Morrow
 
 case. Here, as in
 
 Morrow,
 
 the accident was accepted as compensable, the doctor could not find an objective basis for the claimant’s subjective complaints, the doctor recommended an evaluation to find such a basis, the employer and carrier refused to provide an evaluation on the ground that there were no objective relevant medical findings under section 440.09(1), and the judge erroneously accepted this position. The error is the same in both cases. The judge should have relied on section 440.13(2)(a), Florida Statutes (2007), and its test of whether the requested benefit is medically necessary, and not section 440.09(1), and its test of whether objective relevant medical findings exist to support an award. In the present case, the only doctor who addressed the issue testified that the evaluation was medically necessary.
 

 The principle established in the
 
 Morrow
 
 decision cannot be avoided merely by characterizing the referral in this case as a transfer of care. This is a distinction without a difference. Even if the doctor’s request were for transfer of care, the transfer of care is for an evaluation. Moreover, to the extent a transfer of care is distinct from an evaluation, in that its purpose is to obtain proof of objective relevant medical findings;
 
 Morrow
 
 held that an evaluation is compensable even if it is “to determine whether there was an objective basis for [the] claimant’s symptoms.” 17 So.3d at 764.
 

 For these reasons, we conclude that the claimant is entitled to relief. We reverse the order on the previous remand and remand the case once again with directions to enter an order requiring the employer and carrier to pay for the orthopedic evaluation and to award the claimant attorney fees and costs for the proceedings in the lower tribunal on this issue.
 

 Reversed and remanded.
 

 BENTON, PADOVANO, and CLARK, JJ., concur.