PER CURIAM.
In this workers’ compensation case, the Employer/Carrier (E/C) appeals an order of the Judge of Compensation Claims (JCC) finding Claimant’s heat exhaustion injury compensable and awarding past medical bills. The E/C argues that the JCC erred both in finding compensability of the heat exposure injury in the absence of evidence that Claimant “was exposed to dangers materially in excess to which the community is exposed,” and in awarding the past medical bills in the absence of evidence that they were related to Claimant’s heat exhaustion. We affirm on both points, and write solely to confirm that prior court-created causation standards are superseded by the Legislature’s adoption of the “major contributing cause” standard effective January 1, 1994, see sections 440.09(1) & 440.02(36), Florida Statutes (2012), and to restate that diagnostic tests are compensable if they are “reasonably necessary to determine whether the industrial accident was the cause of’ Claimant’s injuries, see Grainger v. Indian River Transport, 869 So.2d 1269, 1272 (Fla. 1st DCA 2004).
AFFIRMED.
VAN NORTWICK, ROBERTS, and CLARK, JJ., concur.