PER CURIAM.
In this workers’ compensation appeal, the Employer/Carrier (E/C) challenges a determination by the Judge of Compensation Claims (JCC) that surgical repair of Claimant’s left shoulder condition is com-pensable based on the hindrance-to-recovery doctrine. Because we agree that the JCC misapplied the doctrine, we reverse.
The E/C in this case accepted compensa-bility of Claimant’s February 7, 2012, right shoulder injury, but denied responsibility for a proposed surgery to repair Claimant’s left shoulder condition, which was not caused by Claimant’s workplace activities. In the only medical testimony presented here, Dr. White confirmed that Claimant requires surgery for each shoulder and that the two shoulder conditions are not connected. Dr. White also opined that the result from the (non-compensable) left shoulder repair will be better if the left shoulder surgery is performed first although the ultimate result from the (com-pensable) right shoulder repair will be unaffected by the order of the surgeries.
Under the hindrance-to-recovery doctrine, it is the purpose of the treatment that determines compensability. Glades Cnty. Sugar Growers v. Gonzales, 388 So.2d 333, 336 (Fla. 1st DCA 1980) citing Barris v. Toppers of Florida, Inc., 382 So.2d 441, 442 (Fla. 1st DCA 1980). The E/C is not responsible for medical treatment required independently by the non-compensable left shoulder injury if the removal of a hindrance is only incidental to the recovery of the compensable right shoulder injury. Id. In the final compensation order, the JCC concluded that Claimant’s left shoulder repair is a medically necessary procedure that must be provided by the E/C as “a hindrance to the compensable surgery required on her right shoulder.” The JCC’s conclusion, however, is based on Dr. White’s opinion that surgical repair of the left shoulder is medically necessary to avoid further injury to the (non-compensable) left shoulder during the later anticipated surgery and recovery period for the right shoulder injury. The relevant inquiry is not whether the left shoulder surgery is medically necessary, but rather why it is medically necessary— i.e., what is the purpose of the left shoulder surgery? Unless the purpose is to remove a hindrance to treating the com-pensable right shoulder injury, the doctrine does not apply. In this case, the JCC made no specific findings to explain how the left shoulder condition hinders Claimant’s recovery from her compensable right shoulder injury. It follows that the findings do not establish that the purpose of the left shoulder surgery is to remove a hindrance to treating the compensable right shoulder. In fact, based upon the findings, the JCC appears to have applied the inverse of the doctrine.
Because the findings do not demonstrate that the purpose of proposed treatment of the left shoulder is to treat Claimant’s compensable right shoulder injury, the JCC erred when she found the left *235 shoulder surgery to be compensable. Accordingly, we REVERSE the final compensation order awarding Claimant surgical repair of the left shoulder.
WETHERELL and MARSTILLER, JJ., concur; SWANSON, J., dissenting.