# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-2458

_____

MAVIS TIRE & BRAKES and
LIBERTY MUTUAL GROUP,

 Appellants,

 v.

ALBERT LOWRY,

 Appellee.

_____

On appeal from the Office of the Judges of Compensation Claims.
Ralph J. Humphries, Judge.

Date of Accident: November 24, 2021.

October 8, 2025

PER CURIAM.

In this workers' compensation case, the Employer/Carrier (E/C) appeals an order awarding benefits to Claimant for workplace injuries sustained while lifting a heavy tire and rim. Relevant here, Claimant sought authorization for evaluation and treatment by a general surgeon for a hernia condition.

We affirm the order insofar as it authorizes a general surgeon to evaluate whether Claimant has a hernia and to provide an opinion on causation. *See* § 440.13(1)(k), Fla. Stat. (defining "medically necessary" services to include those used to identify an injury); *Grainger v. Indian River Transp./Zurich U.S.*, 869 So. 2d

1269, 1272 (Fla. 1st DCA 2004) (recognizing that diagnostic testing is compensable when reasonably necessary to determine whether the industrial accident caused the claimant's symptoms).

We reverse, however, the portion of the order that prospectively awards treatment for the hernia condition. The decretal portion directed the E/C to provide both evaluation "and treatment," but the body of the order reflects that any treatment would depend on a future determination of whether the workplace accident was the major contributing cause of the hernia condition. These provisions are inconsistent. Because occupational causation was not ripe for adjudication, the E/C may contest causation if treatment is later recommended. *See Artigas v. Winn Dixie Stores, Inc.*, 622 So. 2d 1346, 1348 (Fla. 1st DCA 1993) (explaining that "claims for compensation benefits should be determined at a benefits hearing if they are mature"). Accordingly, the JCC erred to the extent that he ordered the E/C to provide treatment before causation was adjudicated, and the order must be corrected on remand. *See City of W. Palm Beach Fire Dep't v. Norman*, 711 So.2d 628, 630 (Fla. 1st DCA 1998) ("[T]he order is internally inconsistent. In one part of the order, the judge awarded temporary partial disability benefits from February 4, 1995, through March 1996 and in another part of the order, the judge awarded these benefits from February 4, 1995, through the present and continuing. This inconsistency must be corrected on remand.").

AFFIRMED in part; REVERSED in part and REMANDED.

RAY, KELSEY, and TREADWELL, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Christopher A. Tice of Conroy Simberg, Jacksonville, and Jesse Dyer and Hinda Klein of Conroy Simberg, Pensacola, for Appellants.

Mark A. Touby of Touby, Chait & Sicking, P.L., Coral Gables, for Appellee.