448 So.2d 1191 (1984)
UTLEY-JAMES, INC., and Continental Ins. Co., Appellants,
v.
Richard G. LADY, Appellee.
No. AT-188.
District Court of Appeal of Florida, First District.
April 18, 1984.
*1192 Richard G. Davis, of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for appellants.
Joseph L. Thury, of Antinori & Thury, Tampa, for appellee.
WENTWORTH, Judge.
Employer/carrier appeal a workers' compensation order by which claimant was awarded temporary disability benefits. We affirm the order appealed[1] because we find the award properly based on evidence of work search commensurate with claimant's medical condition during the four month period in question.[2]
Claimant is a 53 year old eighth-grade educated worker who has done only heavy manual labor, and who sustained a fracture of his right wrist in an industrial accident. After receiving treatment from Dr. Williamson claimant was initially released without restriction on November 22, 1982. However, on returning to his former employment claimant found that his job activities produced disabling pain which precluded him from continuing such employment. Claimant returned to Dr. Williamson, who then referred him to Dr. Boling, an orthopedist specializing in hand surgery, for further examination and treatment including the possibility of surgery. Claimant continued under Dr. Boling's care until April 13, 1983, during which period medical reports in the record show advice that his condition "could be improved ... by a wrist fusion," and on March 21 "I told him if he wasn't having much pain certainly don't *1193 consider any surgery, and go back to work and see what he can do with it." The report of April 13 states "[i]f he goes back to laboring and he does have pain obviously we will consider him disabled until he makes up his mind what he wants to do." Although he did not make any final decision with regard to surgical intervention, claimant did express his reluctance to pursue this course of treatment, having been told "[i]t is doubtful even with a wrist fusion he would return to full duty of what he was doing before." Dr. Boling ultimately testified that claimant's condition had remained essentially unchanged throughout the term of his care, and that without surgery no further improvement is reasonably anticipated.
Although Dr. Boling stated that he would defer to Dr. Williamson's opinion regarding claimant's attainment of maximum medical improvement, and Dr. Williamson suggested that MMI had been attained in December 1982, these opinions were reached retrospectively, after Dr. Boling terminated his active care of claimant. To compel a deputy's acceptance of such opinion based on retrospective contemplation would clearly constitute misapplication of the concept of maximum medical improvement under the statute. Corral v. McCrory Corp., 228 So.2d 900 (Fla. 1969), explains:
The nature of medical treatment is not to be determined by the ultimate success or failure of the treatments. Treatments are curative in nature if administered or prescribed by a qualified physician with a reasonable expectation that they will bring about some degree of recovery... . Temporary disability continues as long as recovery or lasting improvement in the injured person's condition can reasonably be expected... . Maximum medical improvement is the date after which recovery or lasting improvement can no longer reasonably be anticipated.
In the present case Dr. Williamson testified that he referred claimant to Dr. Boling for such further treatment as Dr. Boling might deem advisable, and claimant continued under Dr. Boling's active care until April 13, 1983. At no time before that date in the course of Dr. Boling's attendance was claimant unequivocally released from care or advised that any medical care other than surgery was useless. Regardless of the ultimate success or failure of his attendance in effecting improvement in claimant's condition, Dr. Boling's care was remedial in nature since it was continued with an expectation that some degree of further recovery might be effected. Such expectation precludes an earlier determination of maximum medical improvement, and the deputy did not err in finding that claimant reached this plateau only upon the termination of Dr. Boling's attendance.[3]
Evidence of medical incapacity causing total economic disability, or evidence of a good faith work search, is required to establish entitlement to temporary disability benefits. See e.g., Huntley Jiffy Stores v. Allen, 445 So.2d 630 (Fla. 1st DCA 1984). In the present case claimant's physicians all agreed that throughout the course of Dr. Boling's care claimant remained unable to return to his former employment or any other heavy laboring endeavor. Although claimant admittedly did not contact all prospective employers whom he listed on the wage loss forms he submitted, claimant did testify as to a significant number of contacts with listed employers, as well as other unlisted employment contacts. The deputy was accordingly entitled to conclude that claimant's effort to find other employment, together with the medical evidence presented, was sufficient to satisfy the requirements for entitlement to compensation, during the total time in question based on temporary partial disability.
The order appealed is affirmed.
*1194 McCORD, Jr. (Ret.), Associate Judge, concurs.
MILLS, J., dissents with opinion.
MILLS, Judge, dissenting:
I dissent. I would reverse the deputy's compensation order.
The deputy found that Lady reached maximum medical improvement on 13 April 1983 and awarded him temporary total disability compensation from 22 November 1982 to 13 April 1983. The employer/carrier contend the deputy erred. I agree. The order is not supported by competent substantial evidence.
On 22 November 1982, Dr. Williamson, the treating physician, released Lady for return to work without restrictions.
After attempting to work for two days, Lady returned to Dr. Williamson who referred him to Dr. Bolling for a recommendation as to whether he suggested surgery. Dr. Bolling suggested surgery but Lady has not decided to undergo surgery. Dr. Bolling suggested that Dr. Williamson should be consulted on the MMI date. Dr. Williamson set the MMI date as 17 December 1982.
The uncontradicted medical evidence is that without surgery no further improvement is anticipated and that Lady reached MMI on 17 December 1982.
The uncontradicted medical evidence is that Lady was released for return to work without restrictions on 22 November 1982. Lady is not entitled to TTD compensation for the period of time he is deciding whether he will undergo surgery. If he elects to undergo surgery, he will be entitled to TTD compensation at that time.
In my judgment, the deputy has no authority to "deem" that a claimant has rejected surgery on a certain date where the claimant has not rejected surgery and there is no evidence to support the deputy's finding.
In addition, the evidence of a work search is insufficient here. It is my opinion that even a minimal search was not made. Lady admitted that he filed false job contact lists. He admitted that he contacted only half of the prospective employers he listed.
I would reverse.
NOTES
[1] The order finds:

The claimant has a severe injury to his right wrist, which prevents him from performing heavy manual labor, which has been his lifelong occupation. He is probably in need of surgery, but he has been unable to decide whether to submit to surgery. He is, of course, entitled to a reasonable period of time to make such a significant decision, but there must be a limit on the duration of the decision-making process. Considering all the circumstances, I feel that he should be deemed to have refused surgery when he saw Dr. Boling on April 13, 1983, and that he reached maximum medical improvement on that date. Despite a minimal job search, I find, based upon the testimony of Dr. Boling and the claimant, that he is entitled to compensation for temporary partial disability at the maximum rate until the date of maximum medical improvement. He did make some efforts to find employment, including an unsuccessful attempt to return to work with the employer; moreover, he was continuing to receive medical treatment and attempting to decide whether to submit to surgery. His employer refused to offer him light work.
[2] Although the decretal portion of the order refers to compensation for "temporary total disability," that language must be read in conjunction with the preceding paragraph of the order, note 1, supra, to award compensation at the full applicable rate for the time in question under the statutory provision for total wage loss during temporary partial disability. The date of MMI is not, accordingly, dispositive of the issues on appeal, but the nature of continuing medical care and instructions is properly argued by the parties in this case as a circumstance pertinent to the evaluation of claimant's evidence of work effort in establishing wage loss. As noted in Regency Inn v. Johnson, 422 So.2d 870, 977 (Fla. 1st DCA 1982):

We submit ... that consideration of the factors [claimant's actual physical impairment, age, industrial history, training and education, motivation, work experience, work record, diligence and the like] is still required, as in the past, in determining the adequacy and good faith of the job search, and in determining under the 1979 amendments whether the employee has voluntarily limited his employment or failed to accept employment commensurate with his abilities.
[3] The deputy's determination of maximum medical improvement, and further statement that claimant "should be deemed to have refused surgery" upon his last visit to Dr. Boling, does not preclude claimant from applying for further temporary disability benefits should he elect to undergo surgery at some time in the future.