WIGGINTON, Judge.
Before us is an appeal from the deputy commissioner’s order establishing claimant’s date of maximum medical improvement and finding him to be permanently and totally disabled. The employer/carrier argue that the deputy erred in “backdating” claimant’s permanent total disability based on his treating psychiatrist’s “retrospective” contemplation of MMI and in light of the fact that claimant had worked for some time during this period of classification. They also maintain the deputy erred in awarding taxable costs and supplemental benefits. We affirm in part and reverse in part.
We affirm the deputy’s determination of the date of maximum medical improvement as having been reached on June 4, 1985, when claimant refused to take certain anti-depressant medication. Although Dr. Parsons did not render his opinion on the MMI date until July 31, 1986, there was no evidence that his treatment after claimant refused to take the medication was ever rendered with the expectation of improvement. Compare Utley-James, Inc. v. Lady, 448 So.2d 1191 (Fla. 1st DCA 1984); and Hall v. Dade County School Board, 492 So.2d 768 (Fla. 1st DCA 1986). The fact that reports filed by Dr. Parsons subsequent to June 4, 1985, but prior to his July 1986 report do not set a date of MMI does not necessarily negate or refute his ultimate conclusion or render it improperly retrospective. In his July report, Dr. Parsons explained that the assignment of MMI, in this instance, had to “be made to a certain extent on a basis of retrospection.” Accordingly, under these circumstances, we conclude the deputy’s finding of MMI was based on competent and substantial evidence.
However, we must reverse the deputy’s award of permanent total disability benefits for the period of time from June 24, 1985, through April 5, 1986, during which claimant worked part-time. There is no evidence that this period was a “trial work period” or was the equivalent to sheltered or gratuitous employment. Accordingly, since claimant did not show that he was unable to perform even light-duty work uninterruptedly during a portion of the period that the deputy found him to be permanently and totally disabled, the deputy erred in awarding such benefits, as well as the concomitant supplemental benefits.
However, since the claimant did prevail below on the issue of maximum medical improvement, the deputy did not err in taxing costs against the employer. See section 440.34(3), Fla.Stat. (Supp.1980).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
BOOTH and BARFIELD, JJ., concur.