650 So.2d 150 (1995)
Steve BROWN, Appellant,
v.
LIFETIME FLORIDA STEPS and FCCI c/o FEISCO, Appellees.
No. 94-829.
District Court of Appeal of Florida, First District.
February 7, 1995.
Rehearing Denied March 7, 1995.
William L. Welker, Ft. Myers, and Bill McCabe, Longwood, for appellant.
Joseph R. North of Henderson, Franklin, Starnes & Holt, P.A., Ft. Myers, for appellees.
DAVIS, Judge.
Claimant, Steve Brown, appeals an order denying his claim for temporary partial disability benefits from May 24, 1993, through July 7, 1993, as well as denying his claims for massage therapy and attorney's fees, costs and penalties. We find no merit in the argument with regard to the denial of the claim for massage therapy, and affirm on that issue. However, we reverse the denial of temporary partial disability benefits, as well as the denial of attorney's fees, costs and penalties for that claim, because the JCC erred in ruling that the claimant was not entitled to temporary partial disability benefits because he had achieved maximum medical improvement (MMI) on May 24, 1993.
Steve Brown, was a body builder in his thirties at the time of his industrial accident. He was working for Lifetime Florida Steps, a company which made concrete products varying in weight and size up to 400 pounds. Mr. Brown was a foreman, with a wide range of responsibilities including sales, deliveries, mixing cement, and taking payments. On April 14, 1992, Mr. Brown was thrown off the back of a truck, twelve feet in the air, suffering injuries to his chest and spine. There is no dispute that this was a compensable accident. He came under the care of Dr. Arpin, a neurosurgeon, on October 19, 1992. Dr. Arpin performed surgery on October 27, 1992, and continued as his physician until June 1993. Dr. Arpin stated that claimant had reached MMI and gave him a permanent impairment rating on May 24, 1993, and released him from her care with a referral to a physiatrist[1] in June 1993, after stating that *151 she could do nothing more for him. Mr. Brown did not have his first appointment with the physiatrist, Dr. Roggow, until July 8, 1993. At that time she found that he was not at MMI from a physiatric viewpoint. Dr. Roggow had no express opinion about the condition of the claimant in the interim period between his last appointment with Dr. Arpin and her first examination of him, although she did testify that, in her opinion, the claimant's myofascial pain syndrome was directly related to his industrial accident. Dr. Roggow achieved objective improvement in claimant's condition through her treatment, and opined that Mr. Brown reached MMI on October 5, 1993. The employer/carrier paid Mr. Brown temporary total disability benefits from October 1992 through May 27, 1993, and resumed paying temporary total disability benefits from July 8, 1993, through October 5, 1993. Based upon these facts, the JCC concluded there was "no medical evidence to support a finding for a temporary disability benefit" for the period from May 27th through July 7th, 1993.
After thorough review of the record we conclude that this finding is not supported by competent substantial evidence. Dr. Arpin clearly testified that the claimant was at MMI on May 24, 1992, because he was "neurologically intact." Her limitation of MMI to her specialty, combined with the contemporaneous referral for neuromuscular massage therapy for myofascial pain syndrome and subsequent referral to Dr. Roggow who successfully treated that same myofascial pain syndrome all indicate that the claimant was never at overall MMI.[2] This case is markedly similar to Kirkland v. Harold Pratt Paving, Inc., 518 So.2d 1320 (Fla. 1st DCA 1987), in which the claimant was found to have reached MMI from a neurological standpoint, but the neurologist suggested referral to a rehabilitation center for treatment of claimant's continuing pain. This court held that the claimant had not reached overall MMI, and reversed the finding that the claimant had reached MMI.
This case is REVERSED and REMANDED to the JCC for further proceedings consistent with this opinion.
ZEHMER, C.J., and WENTWORTH, Senior Judge, concur.
NOTES
[1] "Physiatry is a specially of physical medicine and rehabilitation which focuses on disabilities such as stroke, paralysis, spinal cord injuries, and the like." Days Inn/Days Suites v. Thomas, 623 So.2d 529, 530 n. 1 (Fla. 1st DCA 1993).
[2] In view of this result, we need not reach Mr. Brown's second point on appeal, in which he argued that if the JCC was correct as to MMI, it was error to deny his motion to conform his claim to the evidence and allow him to seek permanent wage loss benefits.