994 So.2d 1220 (2008)
Guillermo RUIZ, Appellant/Cross-Appellee,
v.
BELLSOUTH CREDIT AND COLLECTIONS and Specialty Risk Services, Appellees/Cross-Appellants.
No. 1D07-6509.
District Court of Appeal of Florida, First District.
November 17, 2008.
*1221 Edward Schroll, Miami, for Appellant/Cross-Appellee.
Sylvia A. Krainin of Adorno & Yoss, LLP, Miami, for Appellees/Cross-Appellants.
PER CURIAM.
In this workers' compensation appeal and cross-appeal, Guillermo Ruiz (Claimant) asserts that the Judge of Compensation Claims (JCC) erred by striking Claimant's independent medical examiner as a witness; by finding he is at maximum medical improvement; and by finding he is not entitled to a neurological evaluation, physical therapy, or temporary partial disability benefits. On cross-appeal, Employer and Carrier (E/C) contend that the JCC erred in awarding Claimant an evaluation with an orthopedist, a podiatrist, and a psychiatrist. For the reasons explained below, we reverse the JCC's finding that Claimant is at maximum medical improvement and that Claimant is not entitled to a neurological evaluation. We affirm without comment all other issues raised on appeal and cross-appeal.

Factual Background
Claimant suffered a compensable accident on June 3, 2005, when he fell down a flight of stairs on E/C's premises. Claimant's initial diagnosis was cervical strain and contusion to the head, back and right ankle. E/C authorized Dr. Hershman, a gerontologist/internist, to treat his injuries. During the course of treatment, Claimant complained of headaches, ankle pain, and neck and back pain, as well as depression and anxiety. Although Dr. Hershman found no objective basis for these subjective complaints, and Claimant had a pre-existing history of headaches, depression and anxiety, he recommended Claimant undergo an MRI and evaluations with a neurologist, podiatrist, orthopedist, and psychiatrist in order to determine the etiology of Claimant's complaints and the causal relationship, if any, between the accident and those complaints.
With respect to the issue of maximum medical improvement (MMI), Dr. Hershman opined during his first deposition that Claimant had reached MMI because there was nothing more he could do for Claimant "pending that MRI." At that time, Dr. Hershman assigned a zero percent permanent impairment rating. During his second deposition, taken one year later, Dr. Hershman testified he was "not sure" if Claimant was at MMI because he had not seen Claimant in seven months, but that, as of his last office visit, Claimant was "pretty much done as far as my therapy was concerned."
Based on this testimony, the JCC found that Claimant reached MMI on September 5, 2006, and that he was entitled to evaluations by a podiatrist, orthopedist, and psychiatrist, but not a neurologist. The JCC reasoned Claimant was entitled to the evaluations because Dr. Hershman recommended them to determine whether there was a causal relationship between Claimant's *1222 complaints and the compensable accident. The JCC concluded that the objective medical evidence requirement found in section 440.09(1), Florida Statutes (2005), did not prohibit these evaluations, even though Claimant's complaints were purely subjective. The JCC denied the neurological evaluation based on Dr. Hershman's testimony that, given Claimant's previous history of headaches, he could not relate the subject accident to Claimant's post-accident headache complaints.

Maximum Medical Improvement
The JCC's finding that Claimant reached MMI on September 5, 2006 is not supported by competent, substantial evidence. In Brown v. Lifetime Florida Steps, 650 So.2d 150 (Fla. 1st DCA 1995), this court held that the JCC's determination that the claimant was not entitled to temporary partial disability benefits because he had achieved MMI was error. The basis for this holding was that the neurologist who assigned the MMI date limited the date to his area of specialty, while simultaneously referring the claimant to a physiatrist. The physiatrist placed the claimant at MMI from his standpoint at a later date. On these facts, this court held that the neurologist's limitation of MMI "to her specialty, combined with the contemporaneous referral for neuromuscular massage therapy ... and subsequent referral to [a physiatrist] who successfully treated [claimant's] myofascial pain syndrome all indicate that the claimant was never at overall MMI." Id. at 151 (emphasis in original). Thus, this court found there was insufficient evidence to support the JCC's finding of MMI as of the earlier date.
Likewise, here, although Dr. Hershman testified that Claimant was at MMI as of the doctor's first deposition, he also noted this was based on his being unable to do anything more for Claimant, and it was contingent on the MRI results and the specialists' evaluations. Thus, although Claimant may have been at MMI from Dr. Hershman's gerontologist/internist standpoint, there was no evidence that Claimant was at overall MMI.

The Neurological Evaluation
For the same reason the JCC awarded evaluations by a podiatrist, orthopedist, and psychiatrist, the JCC should have also awarded a neurological evaluation. Although Dr. Hershman testified he could not relate Claimant's headache complaints due to the compensable accident to Claimant's headache complaints due to his pre-existing headache complaints, he recommended a neurological evaluation to determine whether there was a causal relationship between his complaints and the accident. See Grainger v. Indian River Transport, 869 So.2d 1269, 1271 (Fla. 1st DCA 2004) (holding a workers' compensation claimant is not required to establish a causal relationship between his injury and the compensable accident in order to be entitled to diagnostic testing to determine whether a compensable accident is the cause of his symptoms).

Conclusion
The JCC's finding that Claimant is at overall MMI is not supported by competent, substantial evidence, and her finding that Claimant is not entitled to a neurological evaluation is an erroneous application of the evidence to the principle stated in Grainger. Accordingly, we REVERSE in part, AFFIRM, in part, and REMAND for proceedings consistent with this opinion.
BROWNING, C.J., BARFIELD and THOMAS, JJ., concur.