LEWIS, J.
 

 In this workers’ compensation appeal, Felipe Rosa, Claimant, challenges an order of the Judge of Compensation Claims (JCC) denying his claim for temporary indemnity benefits and ruling on Claimant’s permanent impairment rating (PIR). Claimant argues, and the employer/carrier (E/C) concedes, the JCC erred in making a finding on Claimant’s PIR because that issue was beyond the scope of the hearing. Claimant also argues the JCC erred in finding that Claimant had reached maximum medical improvement (MMI) and further erred in relying upon that erroneous determination to deny Claimant’s claims for temporary indemnity benefits. We agree on both points. Therefore, for the reasons that follow, we reverse and remand for further proceedings consistent with this opinion.
 

 Claimant suffered an industrial accident on June 15, 2009, while mounting a truck tire on a rim. Between July 2010 and March 2011, Claimant filed four petitions for benefits seeking both temporary total and temporary partial disability benefits from January 26, 2011, through the date of the final hearing, authorization for a C-7 nerve block, and other medical benefits.
 

 As the JCC indicated during the hearing, the issue of Claimant’s PIR was not before the JCC. This claim had not been mediated, listed in the Uniform Pretrial Stipulation, or addressed by either party, and was not ripe for adjudication. Consequently, the JCC erred in making a finding on the issue of PIR.
 
 See Lawrence v. Aquarius Sales & Serv., Inc.,
 
 30 So.3d 690 (Fla. 1st DCA 2010) (holding that the JCC erred in making a finding on PIR because Claimant’s PIR was not at issue). Ruling on an issue that is not properly before the JCC is a violation of a party’s due process rights.
 
 See Isaac v. Green Iguana, Inc.,
 
 871 So.2d 1004 (Fla. 1st DCA 2004). Accordingly, we reverse that portion of the order, and remand with directions to strike such findings and conclusions.
 

 Additionally, the JCC found Claimant reached MMI based on the opinions of Claimant’s various treating specialists and, given that finding, the JCC denied Claimant’s claims for temporary indemnity benefits. The JCC then awarded the requested treatment based on the opinion of the expert medical advisor that the procedure was medically necessary because it could bring about some degree of improvement in Claimant’s condition. However, the JCC’s finding that Claimant had reached overall MMI is by its very nature inconsistent with the JCC’s award of the requested treatment.
 

 This Court has held that an award of medical care and treatment is inconsistent with a denial of temporary indemnity benefits for the same time period, and is reversible error.
 
 See Delgado v. Omni Hotel,
 
 643 So.2d 1185, 1186 (Fla. 1st DCA 1994);
 
 Rolle v. Picadilly Cafeteria,
 
 573 So.2d 94, 97 (Fla. 1st DCA 1991);
 
 Utley-James, Inc. v. Lady,
 
 448 So.2d 1191, 1193 (Fla. 1st DCA 1984);
 
 but cf. Old Cove Condo v. Curry,
 
 511 So.2d 666 (Fla. 1st DCA 1987) (explaining that medical care in the form of palliative treatment may be awarded after the claimant reaches MMI).
 
 [1]
 
 In
 
 Delgado,
 
 this Court explained:
 

 
 *474
 
 It is well-established that the date of MMI “marks the point after which no further recovery or improvement from an injury or disease can be reasonably anticipated.”
 
 Rolle v. Picadilly Cafeteria,
 
 573 So.2d 94, 96 (Fla. 1st DCA 1991), citing
 
 Kirkland v. Harold Pratt Paving, Inc.,
 
 518 So.2d 1320, 1323 (Fla. 1st DCA 1987),
 
 rev. denied,
 
 525 So.2d 878 (Fla.1988). A finding of MMI “is precluded where treatment is being provided with a reasonable expectation that it will bring about some degree of recovery, even if that treatment ultimately proves ineffective.”
 
 Rolle,
 
 573 So.2d at 97.
 

 [[Image here]]
 

 The nature of medical treatment is not to be determined by the ultimate success or failure of the treatments. Treatments are curative in nature if administered or prescribed by a qualified physician with a reasonable expectation that they will bring about some degree of recovery.... Temporary disability continues as long as recovery or lasting improvement in the injured person’s condition can reasonably be expected....
 

 Id.,
 
 643 So.2d at 1186 (quoting
 
 Utley-James, Inc.,
 
 448 So.2d at 1193).
 

 Thus, an award of medical treatment believed likely to improve Claimant’s condition means Claimant has not yet reached MMI, and is potentially entitled to temporary indemnity benefits. Given the JCC awarded such treatment, the JCC’s finding that Claimant reached MMI is by its very nature inconsistent and is reversible error.
 
 Delgado,
 
 643 So.2d at 1186;
 
 Rolle,
 
 573 So.2d at 97. We, therefore, reverse that portion of the order, and remand for further findings concerning Claimant’s entitlement to temporary indemnity benefits.
 

 REVERSED and REMANDED for further proceedings consistent with this opinion.
 

 PADOVANO and WETHERELL, JJ., concur.
 

 [1]
 

 . To the extent the award of the C-7 nerve block in this case was based on the JCC’s
 
 *474
 
 finding that the procedure is “palliative in nature,” the finding is not supported by competent substantial evidence. All of the medical evidence, including the testimony of the expert medical advisor and the physician whose opinion prompted the appointment of the EMA, indicates that the nerve block was not ordered as palliative care, but rather as a diagnostic tool to isolate the cause of Claimant's residual neck and shoulder pain and to help determine the future course of treatment.