MARSTILLER, J.
Richard F. Cruz (“Claimant”) appeals that portion of a final, compensation order denying him continued temporary total disability (“TTD”) and/or temporary partial disability (“TPD”) benefits after January 5, 2014. In the order, the Judge of Compensation Claims (“JCC”) found Claimant had reached overall maximum medical .improvement (“MMI”) by December 31, 2013, and, for that reason, no longer qualified for disability benefits. The JCC did, however, award Claimant an evaluation by .a gastroenterologist, recommended by his authorized treating cardiologist to assess Claimant’s acid reflux complaints.
On appeal, Claimant argues the JCC erred by finding him at overall MMI and denying disability benefits because, like the claimant in Ruiz v. BellSouth Credit & Collections, 994 So.2d 1220 (Fla. 1st DCA 2008), he still had yet to undergo the evaluation by a gastroenterologist. As explained below, we find Ruiz distinguishable from this case, and conclude that Claimant indeed can be found to have reached overall MMI, notwithstanding the referral for evaluation by a gastroenterologist. We therefore affirm the JCC’s denial of TTD or TPD benefits.
Here are the pertinent factual findings and legal conclusions from the JCC’s final compensation order. The findings are not assailed on appeal for lack of evidentiary support:
There was no disagreement among the cardiologists that claimant was at MMI physically. Dr. Weston [the treating cardiologist] placed claimant at MMI 12/31/2013....
My review of Dr. Weston’s treatment after 12/31/13 led me' to find, factually, that claimant had no remedial cardiological medical care after that date[.] ... I found, factually, that claimant reached physical MMI on 12/31/13.
Based on the testimony of Drs. Szabo and Pandya, claimant’s psychiatrists, I found factually claimant reached MMI psychiatrically on 6/5/13. Combining the date of physical MMI with the date of psychiatric MMI, I found, factually, claimant reached over-all . MMI on 12/31/13. Because claimant reached over-all MMI on 12/31/13, he was not, as a matter of law, entitled to any temporary benefits after that date.
Claimant argued the [sic] he could not be at over-all MMI because E/SA [1] had never provided him with an evaluation by a gastroenterologist. I rejected this argument because neither Dr. Weston nor Dr. Mathias [cardiac IME[2]] testified that claimant’s gastric condition needed to be evaluated or treated before claimant could recover physically from his heart attack; in other words, neither testified that claimant’s *147 aggravation of his pre-existing acid reflux disorder was a hindrance to recovery. [Footnote omitted.] .' ■
... Dr. Weston agreed claimant should be seen by a gastroenterologist but testified that the referral was not medically necessary because of claimant’s heart condition. Dr. Mathias [a cardiac IME] testified that the aspirin and Plavix claimant was prescribed by Dr. Weston could aggravate pre-existing gastroesophageal reflux disease (GERD). Dr. Noeero [a cardiac IME] thought there was 'no relationship between claimant’s heart condition and his GERD....
I determined factually that claimant was prescribed daily aspirin and Plavix because of his compensable heart disease and that these medications could aggravate pre-existing gastric pain. Based on these facts, I concluded as a matter of law that claimant was entitled to an evaluation by a gastroenterologist to determine if claimant’s use of aspirin and Plavix ón a daily basis had caused an aggravation of claimant’s pre-existing condition!.] Where a compensable injury leads to a different injury or condition, which requires medical care, then the injured employee is entitled to that care or, at the very least, an evaluation to'determine whether there is some connection between the compensable injury and the symptoms the employee has. [Citations omitted'.]
(Emphasis supplied.)
MMI is statutorily defined as the point “after which further recovery from, or lasting improvement to, [the] injury or disease can no longer reasonably be anticipated, based upon reasonable medical probability.” § 440.02(10), Fla. Stat. (2012). A claimant being treated for compensable injuries in more than one medical specialty is not at- MMI until so deemed by each treating physician in each specialty. See, e.g., Sapp v. Berman Bros., 884 So.2d 1080, 1082 (Fla. 1st DCA 2004); Greber v. Tallahassee Dev. Ctr., 778 So.2d 999, 1000 (Fla. 1st DCA 2000). Here, the injuries Claimant suffered, for which he had received and was seeking extended disability benefits, were cardiac and psychiatric. The authorized physicians treating him for those injuries opined unequivocally that Claimant is at MMI for both. Having reached MMI from the perspective of each treating, specialty, Claimant is no longer entitled to temporary disability benefits. ⅜§ 440.15(2), (4), Fla. Stat. (2012).
In Ruiz, the case Claimant relies on, we reversed the JCC’s finding of overall MMI because it was not supported by competent, substantial evidence.. 994 So.2d at 1222. The claimant in that case fell down a flight of stairs at work and subsequently complained of headaches, ankle pain, neck pain, back pain, depression and anxiety. Id. at 1221. The employer/carrier authorized Dr. Hershman, a gerontologist/internist, to treat the claimant’s injuries. Id. Dr. Hershman could find no objective basis for the complaints; so, he referred the claimant for an MRI and for evaluations with a neurologist, podiatrist, orthopedist and psychiatrist to determine the causes of the claimant’s pain, depression and anxiety, and any connection to the workplace accident. Id. After the claimant filed a petition for benefits, Dr. Hershman opined in deposition that the claimant was at MMI because he could do nothing more for the claimant “ ‘pending that MRI.’ ” Id. Deposed again a year later, Dr. Hershman testified. he had, last seen- the claimant seven months prior and he was “‘pretty much done as far as .my therapy was concerned.’ ” Id. Although the recommended evaluations had not been done — indeed, the JCC awarded all but the neurological evaluation — the JCC found the claimant at *148 overall MMI. Id. at 1221-22. Understandably, we determined Dr. Hershman’s specialty-specific MMI determination could not support a finding that the claimant was at overall MMI. Id. at 1222.
Ruiz is readily distinguished from this case. Here, both treating specialists — the cardiologist and the psychiatrist — placed Claimant at MMI; no specialty remained outstanding. The fact that Claimant’s cardiac medication may have aggravated his pre-existing GERD — hence the need for a gastroenterological evaluation — did not affect the MMI determination made by either the cardiologist or the psychiatrist. And the existence of a likelihood that Claimant’s GERD will be compensable because his cardiac medications aggravated his pre-existing acid reflux does not mean, without some supporting medical opinion, that Claimant is not at MMI for the conditions that rendered him temporarily disabled. Claimant had been deemed physically ready to return to work, and no doctor testified that Claimant’s GERD would, or could, in any way disable him, or that treating the gastric problem could bring about further improvement to his cardiac condition. Thus, unlike the scenario in Ruiz, where several of the claimant’s complaints had yet to be evaluated and treated by a variety of specialists, in this case there were no MMI determinations- pending as to the conditions Claimant was being treated for. Moreover, the cardiologist’s MMI determination was not contingent on the outcome of the ■ gas-troenterological evaluation.
While Ruiz is not applicable here, we have previously held that “an award of medical care and treatment is inconsistent with a denial of temporary indemnity benefits for the same time period[.]” Rosa v. Progressive Emp’r Servs./SUNZ Ins. Co./ USIS, 84 So.3d 472, 473 (Fla. 1st DCA 2012). The JCC in Rosa found a claimant at overall MMI based on the opinions of his treating specialists, and denied temporary disability benefits. 84 So.3d at 473. At the same time, the JCC also authorized certain medical treatment — specifically, a nerve block — based on the expert medical advisor’s opinion that the treatment could improve the claimant’s condition. Id. It is not difficult to see- why under those circumstances we concluded that “the JCC’s finding that Claimant had reached overall MMI is by its very nature inconsistent with the JCC’s award of the requested treatment.” Id. The claimant could not have reached the point where further improvement in the condition he was being treated for was not reasonably anticipated if there remained medically necessary treatment that could bring about some improvement.
That is not the situation in the case currently before us. Claimant was on temporary disability while being treated for cardiac and psychiatric conditions. Both specialists deemed him at MMI. The gastroenterology referral was for Claimant’s pre-existing GERD which may have been aggravated by his cardiac medications. Claimant’s case turned on whether the authorized evaluation could provide any remedial benefit to his cardiac condition. The answer to that question, based on the medical opinions of the treating cardiologist and the cardiac IMEs, was no. Unlike the scenario in Rosa, no medical expert opined that potential treatment of Claimant’s GERD could improve Claimant’s cardiac condition. Rather, Claimant was placed at MMI for both his cardiac and psychiatric conditions, and was deemed physically ready to return to work, notwithstanding the GERD issue. Consequently, the JCC’s concurrent denial of temporary disability benefits and approval of the gastroenterological evaluation are not inconsistent, as were the rulings in Rosa. To hold otherwise and apply Rosa to *149 the facts in this case would yield an arguably absurd result: a claimant deemed physically and mentally ready to return to work would nonetheless remain on disability and continue receiving benefits simply because of an acid reflux condition.
The JCC here made a factually and legally correct decision in denying Claimant’s request for additional TTD or TPD benefits where no medical testimony established that the gastroenterology evaluation could provide any improvement in Claimant’s cardiac condition. Absent such testimony, the JCC correctly found Claimant at overall MMI. Accordingly, we affirm the final compensation order on appeal.
AFFIRMED.
CALOCA-JOHNSON, DAWN, Associate Judge, concurs; SWANSON, J., concurs with opinion.

1. Employer/servicing agent.

. Independent medical examiner.