KAHN, J.
Claimant Judith Burns challenges a workers’ compensation order by which the judge of compensation claims (JCC) rejected the opinion of an expert medical advisor (EMA) on the grounds that it was lacking in impartiality and medical objectivity and declined to reconsider a previously denied claim for wage loss benefits from February 13, 1997, to May 28, 1999, on grounds of res judicata and estoppel by judgment. We affirm the second challenged ruling without discussion. As to the first issue, we conclude that the JCC here improperly determined that the statutory presumption of correctness, with regard to the EMA’s opinion, was overcome by clear and con- *1108 vineing evidence to the contrary. See § 440.13(9)(c), Fla. Stat. (Supp.1994).
We recognize that a determination by a JCC rejecting the opinion of an EMA will not be disturbed on appeal so long as it is “predicated on competent substantial record evidence which the judge could reasonably find to be clear and convincing.” Jacaranda Manor v. Randolph, 755 So.2d 781, 782 (Fla. 1st DCA 2000); see also Walgreen Co. v. Carver, 770 So.2d 172 (Fla. 1st DCA 2000). Here, the final order fails to point out evidence that the EMA’s opinion is false or unreliable on its merits. See, e.g., Carver, 770 So.2d at 174-75 (finding “that an expert medical advisor’s opinion has ‘nearly conclusive effect’ ” (citations omitted)); Jacaranda Manor, 755 So.2d at 782. See also Allen v. Protel, Inc., 852 So.2d 916, 920 (Fla. 1st DCA 2003) (following Carver). Criticism by the EMA of one of the disagreeing physicians is not alone a reasonable basis for rejecting the report of an EMA when, under section 440.13(9), the EMA is appointed with an expectation that his testimony will contradict one of the health care providers already in the record. See § 440.13(9)(b), Fla. Stat. (Supp. 1994) (EMAs are engaged “to provide peer review or medical consultation to the division or to a judge of compensation claims in connection with resolving disputes ... ”). In this case, nothing in the EMA’s report or deposition establishes bias or predisposition to disagreeing with the employer/carrier’s independent medical examiner (IME). Instead, the EMA’s report and deposition are a reasoned and thorough critique of the IME’s evaluation of the claimant — apparently as contemplated by the statute. See § 440.13(9)(b), Fla. Stat. (Supp.1994).
The Final Order is AFFIRMED IN PART, REVERSED IN PART and REMANDED for further proceedings consistent with this opinion.
VAN NORTWICK and BROWNING, JJ., concur.