882 So.2d 439 (2004)
George CROMARTIE, Appellant,
v.
CITY OF ST. PETERSBURG, Appellees.
No. 1D03-2484.
District Court of Appeal of Florida, First District.
August 31, 2004.
Joey Quist, St. Petersburg; Bill McCabe, Longwood, for Appellant.
*440 Nancy L. Cavey, St. Petersburg, for Appellees.
PER CURIAM.
In this workers' compensation case, the claimant seeks review of an order denying his petition requesting psychological and/or psychiatric care. Because we agree with the claimant that the record does not contain competent and substantial evidence to support the determination of the judge of compensation claims that clear and convincing evidence existed sufficient to reject the appointed expert medical advisor's opinion that the claimant had sustained a psychiatric injury as a result of the compensable workplace accident, we reverse.
We have held that "an expert medical advisor's opinion has `nearly conclusive effect,'" and that it "is presumed to be correct and may only be rejected on the basis of clear and convincing evidence." Walgreen Co. v. Carver, 770 So.2d 172, 174 (Fla. 1st DCA 2000). As was the case in Walgreen, so here, our review of the record reveals no competent and substantial evidence to support the judge's determination that clear and convincing evidence existed sufficient to reject the expert medical advisor's opinion that the claimant had sustained a psychiatric injury as a result of the compensable workplace accident. The principal basis for the judge's determination was her conclusion that the expert medical advisor based his opinion on a faulty assumption  that the claimant had sustained a closed head injury as a result of the accident. However, as the record clearly reveals, this was merely one of many areas in which the opinions of the numerous medical experts disagreed. Resolution of such disagreements is precisely why the opinions of expert medical advisors are to be accorded" `nearly conclusive effect.'" Id.
The order is reversed. On remand, the judge shall enter an order granting the claimant's petition requesting psychological and/or psychiatric care. Because we reverse the denial of psychological and/or psychiatric care, we must also reverse the denial of attorneys' fees and costs, and direct the judge to revisit that issue.
REVERSED and REMANDED, with directions.
BOOTH, WEBSTER and DAVIS, JJ., CONCUR.