PER CURIAM.
In this workers’ compensation case, Laura Manuel, claimant, appeals a final order of the judge of compensation claims (JCC), arguing that the JCC erred in rejecting the opinion of an expert medical advisor (EMA) which had concluded that claimant’s February 2001 work injury was the major contributing cause of her major depression and pain disorder. Because the record does not contain competent and substantial evidence to support the determination of the JCC that clear and convincing evidence existed sufficient to reject the EMA opinion, we reverse and remand for further proceedings.
A JCC’s rejection of the opinion of an EMA will not be disturbed on appeal where it is based upon competent and substantial evidence which the JCC could reasonably find clear and convincing. Burns v. Hilton Enterprises, 853 So.2d 1107, 1108 (Fla. 1st DCA 2003). Contradiction between the EMA and one of the disagreeing physicians is not, by itself, a reasonable basis for the JCC to reject the EMA’s opinion since, under section 440.13(9), Florida Statutes (2001), the EMA is appointed with the expectation that the EMA’s testimony will contradict the record testimony of one of the health care providers. Id.
Here, the medical testimony was in conflict concerning whether the claimant’s work accident was the major contributing cause of her psychological condition. At the request of claimant, the JCC appointed an EMA. In both her report and testimony, the EMA opined that the work injury was the major contributing cause of the claimant’s condition. The JCC rejected the basis for the EMA’s opinion, however, and found that the claimant had “not shown that her mental injury or manifestation is directly and proximately caused by or linked to claimant’s physical injury to her neck and shoulder of February 5, 2001.”
We have reviewed the record and find that it does not contain competent and substantial evidence to support a determination by the JCC that clear and convincing evidence exists sufficient to reject the opinion of the EMA. See Wisznia v. Leon County Div. of Animal Control, 902 So.2d 271 (Fla. 1st DCA 2005)(reversing where there was an absence of competent substantial evidence to support a determination that clear and convincing evidence *681 existed sufficient to reject the EMA’s opinion that claimant sustained a psychiatric injury as a result of his compensable accident); Cromartie v. City of St. Petersburg, 882 So.2d 439 (Fla. 1st DCA 2004); Walgreen Co. v. Carver, 770 So.2d 172 (Fla. 1st DCA 2000). Accordingly, we reverse the second issue on appeal and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
ERVIN, BARFIELD and VAN NORTWICK, JJ., concur. .