985 So.2d 33 (2008)
MOBILE MEDICAL INDUSTRIES and Associated Industries Insurance Company, Inc., Appellants,
v.
Janet Bialek QUINN, Appellee.
No. 1D07-0170.
District Court of Appeal of Florida, First District.
June 2, 2008.
Rehearing Denied July 8, 2008.
*34 Mary Ann Stiles of Stiles, Taylor & Grace, Tampa, and Rayford H. Taylor of Stiles, Taylor & Grace, Atlanta, Georgia, for Appellants.
Keith A. Mann of Mann Legal Group, Sarasota, and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for Appellee.
VAN NORTWICK, J.
Mobile Medical Industries and Associated Industries Insurance Company, the employer and carrier (employer/carrier) respectively, appeal a final workers' compensation order which finds that Janet Bialek Quinn, the claimant and appellee, has a 20 percent permanent impairment rating and orders payment of impairment benefits pursuant to that rating. The employer/carrier argues that the Judge of Compensation Claims (JCC) erred in not accepting the opinion of the expert medical advisor (EMA) that claimant had no impairment attributable to the workplace accident. We agree and, accordingly, the order under review must be reversed.
The claimant sustained a compensable injury to her back on February 27, 2002, and she was authorized to seek medical treatment. One authorized medical provider, Robert Knego, M.D., a board certified neurosurgeon, concluded that claimant had a permanent impairment rating of 20 percent attributed to the accident. Based on this impairment rating, claimant was administratively placed at maximum medical improvement (MMI) with a 20 percent impairment rating on February 5, 2004, and she was advised by the carrier that she could be eligible for supplemental income benefits. By notice of a change of action dated May 6, 2004, however, the employer/carrier reclassified the claimant's status, which had entitled her to temporary total disability (TTD) benefits, effective to April 21, 2004. Thereafter, by notice of a change of action dated July 13, 2004, the employer/carrier indicated that it was reclassifying the benefits paid from April 23, 2004 to June 29, 2004 from TTD benefits to impairment benefits and thereafter sought to recoup the overpayment of TTD benefits.
Claimant sought an advance of the payment of impairment benefits, which she believed she was owed, and a hearing was held on the matter. As reflected in the final order granting the advance entered October 18, 2004, the employer/carrier opposed such an advance on the ground that *35 the employer/carrier "does not admit the validity of Dr. Knego's impairment rating." Following this hearing, claimant was awarded an advance of impairment benefits in the amount of $7,500.
By this time, another authorized medical provider, Mark Lonstein, M.D., had reported that claimant had a zero percent impairment rating. Claimant thereafter was examined by Adam Bright, M.D., a board certified orthopedic surgeon, who opined that claimant, by the time of examination, had reached MMI with a 6 percent permanent impairment. Given the conflict of opinions as to the extent of claimant's permanent impairment, the employer/carrier sought the appointment of an EMA. Claimant opposed such an appointment arguing, among other things, that her impairment rating had already been accepted by the employer/carrier at the 20 percent reported by Dr. Knego. The JCC granted the motion for appointment of an EMA over claimant's objections. After a review of claimant's medical records and an examination of the claimant, Scott Cutler, M.D., the EMA, opined that claimant had a zero percent impairment attributable to the workplace accident.
Claimant continued to seek impairment benefits notwithstanding the EMA's impairment rating. She argued that the employer/carrier was estopped from denying the 20 percent impairment rating of Dr. Knego since the employer/carrier commenced paying benefits based on that impairment rating without indicating to claimant that the acceptance of the 20 percent rating was provisional. Claimant also sought a referral for facet injections pursuant to Dr. Knego's prescription. Following a hearing, the JCC granted the claim for additional impairment benefits notwithstanding the EMA's opinion. The JCC found that claimant had established the elements of estoppel, explaining as follows:
Claimant has established estoppel. E/C misrepresented a material fact by accepting Dr. Knego's 20% PIR [i.e., permanent impairment rating] and beginning payment of IBs [i.e., indemnity benefits] based on that percentage, without telling claimant that this was a provisional acceptance, and without seeking an earlier adjudication of the PIR. Claimant relied on this misrepresentation. She changed her position to her detriment based on this misrepresentation, in that she sought an advance against her remaining IBs. At the time of the [request for an] advance [on impairment benefits] hearing, claimant testified because she could not work after her accident, she obtained a loan, maxed out all her credit cards, and dipped into her daughter's college fund for living expenses. She sought an advance to help with her daughter's college expenses, get her car fixed, and pay off some creditors. Had she known then that E/C would be seeking repayment of the entire amount of IBs paid, she likely would not have sought the additional money, which would ultimately only put her deeper in debt.
Further, on the authority of Potter v. City of Ormond Beach, 913 So.2d 710 (Fla. 1st DCA 2005), the JCC found that the employer/carrier could not use an EMA opinion to rebut conditions that were previously accepted as compensable when there has been no intervening accident or injury.
As to the issue of estoppel, while this doctrine has been applied in workers' compensation cases, it was not properly applied in this case. The elements of estoppel are well-established (1) a representation by the party to be estopped to the party claiming estoppel as to some material fact which is contrary to the position *36 later asserted by the estopped party; (2) a reasonable reliance on the present representation by the party claiming estoppel; and (3) a detrimental change in position by the party claiming estoppel caused by the representation and the reliance thereon. La Croix Constr. Co. v. Bush, 471 So.2d 134, 136 (Fla. 1st DCA 1985). Here, there was no competent substantial evidence of a representation of fact by the employer/carrier which was contrary to a later position and on which the claimant reasonably relied to her detriment. When the carrier received notice of Dr. Knego's report that, in his opinion, the claimant had reached MMI with a 20 percent permanent impairment, the carrier complied with the statutory obligation to provide benefits. We have repeatedly stressed that the workers' compensation system is a self-executing, employer/carrier monitored system, and it is the responsibility of the employer/carrier to make benefits available to a claimant, even when the employer/carrier are unsure whether such benefits are owing, pending a resolution of the uncertainty. See Turner v. Rinker Materials, 622 So.2d 80 (Fla. 1st DCA 1993). The opinion of Dr. Lonstein that claimant did not have a permanent impairment attributable to the compensable accident was not received until after the report of Dr. Knego was received. Likewise, the opinion of Dr. Bright was not received until several months thereafter. Under these circumstances, the employer/carrier's handling of the multiple conflicting reports regarding claimant's permanent impairment did not constitute a factual representation by the employer/carrier which was contrary to a later representation.
Further, at the time claimant sought an advance on any remaining eligible impairment benefits, the claimant was made aware of the employer/carrier's position that the degree of impairment attributable to the compensable accident was a matter of dispute. The employer/carrier opposed the claim for an advance specifically on the ground that the employer/carrier did not accept the impairment rating assigned by Dr. Knego. Thus, the record reflects that the claimant understood at the time she sought an advance on impairment benefits that the employer/carrier denied the validity of a claim for additional impairment benefits. Under these facts, the employer/carrier did not misrepresent its position to the claimant. Without evidence of a factual misrepresentation, there is no basis for the application of the doctrine of estoppel. See Specialty Employee Leasing v. Davis, 737 So.2d 1170 (Fla. 1st DCA 1999).
Upon receipt of reports which created a dispute about claimant's condition, the employer/carrier acted appropriately in seeking the appointment of an EMA. § 440.13(9)(c), Fla. Stat. (2002). The legislature has established that an EMA's opinion is presumptively correct unless the JCC finds and articulates "clear and convincing evidence to the contrary." § 440.13(9)(c), Fla. Stat. (2002); McKesson Drug Co. v. Williams, 706 So.2d 352 (Fla. 1st DCA 1998). Accordingly, the EMA's opinion has "nearly conclusive effect." Pierre v. Handi Van, Inc., 717 So.2d 1115, 1117 (Fla. 1st DCA 1998); Fitzgerald v. Osceola County School Bd., 974 So.2d 1161, 1163 (Fla. 1st DCA 2008). Because the JCC erred in concluding that the employer/carrier was estopped in denying the 20 percent impairment rating, the EMA's opinion as to the claimant's lack of impairment is binding.
As for the suggestion that the JCC's order should be affirmed on the authority of Potter, we find that case distinguishable. In Potter, a claimant challenged an order denying, in part, her claim for impairment benefits arguing that the JCC erred in *37 apportioning an EMA's impairment rating since the employer/carrier had previously accepted the condition, ventricular ectopy, as compensable pursuant to section 112.18(1), Florida Statutes (2001) (creating a statutory presumption that a firefighter's tuberculosis, heart disease or hypertension is causally connected to employment). This court agreed and found that the JCC had erred in apportioning the impairment rating because the employer/carrier had previously accepted the condition of ventricular ectopy as compensable pursuant to the statutory presumption.
In the case before us, by contrast, there is no presumption of compensability. Instead, claimant was obliged to establish entitlement to impairment benefits despite the compensability of the accident, see City of Ocoee v. Trimble, 929 So.2d 687 (Fla. 1st DCA 2006), and since a dispute arose among the authorized medical providers as to the extent of impairment attributable to employment, an EMA was correctly appointed. Further, there is no basis for disregarding the EMA's opinion.
Accordingly, the order is reversed, and the cause is remanded for further proceedings consistent with this opinion.
LEWIS and THOMAS, JJ., concur.