PER CURIAM.
 

 In this workers’ compensation appeal, the claimant argues that the judge of compensation claims (JCC) erred in finding
 
 *1118
 
 that the claimant failed to give timely notice of his thoracic spine injury, in ruling that he was not entitled to an evaluation by a thoracic surgeon, and in denying his claims for temporary benefits from July 20, 2009, and continuing, and for penalties, interest, costs, and attorney’s fees; and in awarding the employer and its carrier prevailing party costs. We affirm without further comment the JCC’s finding that the claimant did not provide timely notice of any injury to his thoracic spine described as such. We reverse and remand as to all remaining issues because the JCC failed to identify clear and convincing evidence in support of her apparent rejection of the expert medical advisor’s (EMA’s) opinion.
 

 Background
 

 While within the scope and course of his employment, the claimant had a motor vehicle accident on March 20, 2009, which he reported to his employer on that date. He did not, however, report any injury resulting from the accident until June 4, 2009, when he filed a petition for medical and indemnity benefits, alleging a chest wall injury. The employer and its carrier accepted the chest wall injury as compensa-ble and provided benefits.
 

 Later the claimant requested a change in physicians, and Dr. Badell was authorized. Dr. Badell recommended that the claimant be examined by a thoracic surgeon to determine the cause of the claimant’s continuing chest pain. On the other hand, the employer’s independent medical examiner opined that such an examination was unnecessary.
 

 To resolve the impasse, the employer and its carrier requested appointment of an EMA, and the JCC appointed Dr. Campbell as the EMA. Dr. Campbell examined the claimant on October 15, 2010. Based on his physical examination and a review of medical records and depositions, Dr. Campbell agreed with Dr. Badell that an evaluation by a thoracic surgeon was medically necessary. The JCC, in the order under review, denied the claim for an evaluation by a thoracic surgeon, but failed to identify any specific evidence justifying rejection of the EMA’s opinion.
 

 Analysis
 

 Section 440.13(9)(c), Florida Statutes (2008), mandates that the JCC appoint an EMA when there is a disagreement in the opinions of the health care providers.
 
 See Palm Springs Gen. Hosp. v. Cabrera,
 
 698 So.2d 1352, 1356 (Fla. 1st DCA 1997). The opinion of the EMA shall be admitted into evidence.
 
 See
 
 § 440.25(4)(d), Fla. Stat. (2008). The opinion of the EMA is presumed correct unless the JCC finds clear and convincing evidence to the contrary.
 
 See
 
 § 440.13(9)(c), Fla. Stat. (2008). In
 
 Mobile Medical Industries v. Quinn,
 
 985 So.2d 33, 36 (Fla. 1st DCA 2008), we made clear “that an EMA’s opinion is presumptively correct unless the JCC finds and
 
 articulates
 
 ‘clear and convincing evidence to the contrary.’ ” (emphasis added) (quoting § 440.13(9)(c), Fla. Stat. (2002)).
 

 Here, the JCC failed to identify any evidence, much less articulate clear and convincing evidence, that would support rejection of the EMA’s recommendation that the claimant’s chest wall be evaluated by a thoracic surgeon. Accordingly, we reverse and remand for further findings relating to the EMA’s recommendation that the claimant be evaluated by a thoracic surgeon. Because resolution of the remaining issues depends upon the need for and, if there is a need, the outcome of that evaluation, we reverse as to the remaining issues as well.
 

 Accordingly, the order is AFFIRMED in part, REVERSED in part, and RE
 
 *1119
 
 MANDED for proceedings consistent with this opinion.
 

 BENTON, C.J., ROWE, and RAY, JJ„ concur.