PER CURIAM.
In this workers’ compensation appeal, Claimant asserts the Judge of Compensation Claims (JCC) erred in denying Claimant’s request for an evaluation by a thoracic surgeon and in denying claims for temporary indemnity benefits. Based on the record, the JCC improperly rejected the opinion of the expert medical advisor (EMA) because no clear and convincing evidence rebutted that opinion. Accordingly, we reverse as to all issues, including the denial of temporary indemnity benefits from July 20, 2009, onward (along with penalties, interest, costs, and attorney’s fees).

Background

While within the scope and course of his employment, Claimant suffered a chest injury in a motor vehicle accident on March 20, 2009. The Employer/Carrier (E/C) accepted the injury as compensable and provided benefits. Claimant’s authorized physician, Dr. Richard Spirer, diagnosed Claimant with a “contusion chest wall” and ordered an MRI. Upon review of the MRI, Dr. Spirer opined that Claimant had a normal xiphoid process, had reached maximum medical improvement (MMI) as of July 1, 2009, and required no further care. After Claimant’s request for a one-time change in physicians, Dr. John Badell was authorized and recommended that Claimant be examined by a thoracic surgeon to determine the cause of Claimant’s continuing chest pain. Contrarily, the E/C’s independent medical examiner (IME), Dr. Jay Stein, opined that such an examination was unnecessary.
To resolve the impasse, the E/C requested the appointment of an EMA, and the JCC appointed Dr. David Campbell. In his EMA report, Dr. Campbell opined that Claimant was not at MMI and that an evaluation by a thoracic surgeon was medically necessary as a result of the injuries Claimant suffered in his industrial accident. Although Dr. Campbell did not testify, the EMA report reflects that he re *671 viewed Claimant’s prior medical reports, medical deposition testimony (including Dr. Spirer’s deposition testimony), records, and detailed the results of his examination of Claimant in making a determination of Claimant’s condition; he opined Claimant was in need of an evaluation by a thoracic surgeon.
In the order on appeal, the JCC rejected the EMA’s medical opinions on the basis that “Claimant’s unreliable testimony undermined the factual predicate upon which the opinion of Dr. Campbell, as [EMA], was premised and must therefore be rejected.” Consequently, the JCC accepted the medical opinions of Dr. Spirer regarding the nature of Claimant’s condition and denied Claimant’s request for an evaluation by a thoracic surgeon. In addition, the JCC denied Claimant’s claim for temporary indemnity benefits based upon the opinion of Dr. Spirer that Claimant reached MMI as of July 1, 2009.

Analysis

Section 440.13(9)(c), Florida Statutes (2008), mandates that the JCC appoint an EMA when there is a disagreement in the opinions of the health care providers. See Palm Springs Gen. Hosp. v. Cabrera, 698 So.2d 1352, 1356 (Fla. 1st DCA 1997). The opinion of an EMA is presumed to be correct unless there is clear and convincing evidence to the contrary as determined by the JCC. See § 440.13(9)(c), Fla. Stat. (2004); see also Mobile Med. Indus, v. Quinn, 985 So.2d 33, 36 (Fla. 1st DCA 2008) (stating EMA’s opinion is presumptively correct unless JCC finds and articulates clear and convincing evidence to the contrary). We have explained that the EMA’s opinion has “nearly conclusive effect.” Amos v. Gartner, Inc., 17 So.3d 829, 831-32 (Fla. 1st DCA 2009) (citing Pierre v. Handi Van, Inc., 717 So.2d 1115, 1117 (Fla. 1st DCA 1998)). When the JCC rejects the opinion of an EMA, the record is reviewed for competent, substantial evidence “to support the determination ... that clear and convincing evidence existed sufficient to reject the EMA opinion.” Manuel v. Amstaff, 915 So.2d 679, 680 (Fla. 1st DCA 2005). The EMA’s opinion should be given even greater deference when the recommendation is in favor of diagnostic evaluation, because this Court has repeatedly held that diagnostic testing and evaluations are always compensable if the purpose is to find out the cause of the injured workers’ symptoms — even if the tests prove the symptoms are unrelated to the compensable injury. See Nealy v. City of W. Palm Beach, 491 So.2d 585, 586 (Fla. 1st DCA 1986); see also Superior Concrete Constr. v. Olsen, 616 So.2d 183, 183 (Fla. 1st DCA 1993); Perry v. Ridgecrest Int’l, 548 So.2d 826, 827-28 (Fla. 1st DCA 1989).
Here, the record does not support the JCC’s finding that clear and convincing evidence existed sufficient to reject the EMA’s opinion. Because Dr. Campbell did not testify in this case, there is no evidence in the record indicating the extent to which, if at all, Dr. Campbell relied on Claimant’s history. Moreover, there is no indication that Dr. Campbell relied on Claimant’s testimony at all, which was what the JCC found lacked credibility. The EMA, who had the benefit of all diagnostic testing, medical records, and the deposition testimony of Dr. Spirer, opined that Claimant “has not been completely evaluated,” and he therefore recommended additional evaluations and diagnostic measures, to include an evaluation by a thoracic surgeon. Dr. Campbell’s EMA opinion was in accord with that of Dr. Badell, who also believed Claimant should be seen by a thoracic surgeon. Further, it is difficult to consider Dr. Spirer’s opinion more reliable than the EMA’s purportedly “skewed and unreliable” opinion when Claimant provid *672 ed the same history to both physicians. Accordingly, because the JCC erred in not accepting the opinion of the EMA as to the need for an evaluation by a thoracic surgeon, the order on appeal is reversed and remanded for entry of an order awarding the same. Further, because the record does not support the JCC’s finding that clear and convincing evidence existed sufficient to reject the EMA’s opinion that Claimant has not yet reached MMI, we are compelled to reverse as to the denial of temporary indemnity benefits as well.
REVERSED and REMANDED.
LEWIS, WETHERELL, and MAKAR, JJ., concur.