PER CURIAM.
In this workers’ compensation appeal, the Employer/Carrier (E/C) argues that the Judge of Compensation Claims (JCC) erred in disregarding the expert medical advisor’s (EMA’s) opinion because the JCC failed to articulate clear and convincing reasons in support of his rejection of the opinion. The E/C also argues that the JCC erred in determining that Carol Armstrong (Claimant) was entitled to attorney’s fees and costs. For the following reasons, we reverse both issues.
When the JCC rejects the opinion of an EMA, this Court reviews the record for competent, substantial evidence to support the JCC’s determination that clear and convincing evidence existed to contradict the EMA’s opinion. Amau v. Winn Dixie Stores, 105 So.3d 669, 671 (Fla. 1st DCA 2013). Here, the JCC rejected the EMA’s opinion in part because the JCC found that it was “notable” that the EMA avoided answering a question about whether Claimant was a surgical candidate. However, the record shows that the EMA stated in his report that he would not recommend surgery for Claimant and he reaffirmed this statement during his deposition. The next reason given by the JCC for rejecting the EMA’s opinion was that the E/C selected one of the doctors whose opinion differed from the EMA’s opinion, but the JCC failed to explain how the E/C’s selection of one of the doctors who opined that Claimant should undergo surgery undermined the trustworthiness of the EMA’s opinion. Finally, the JCC found that the opinions of the authorized treating physician were “the most logical and comport most closely with reason,” but the JCC failed to articulate how or why he reached this conclusion. Mobile Med. Indus. v. Quinn, 985 So.2d 33, 36 (Fla. 1st DCA 2008) (holding that the JCC is required to find and articulate the reasons for rejecting an EMA’s opinion).
Because the JCC failed to articulate clear and convincing reasons for rejecting the EMA’s opinion testimony, the JCC erred in awarding the requested sur *867 gery. Likewise, the JCC erred in awarding attorney’s fees and costs. § 440.34(2), Fla. Stat. (2010). Accordingly, the order is REVERSED, and the matter REMANDED, for entry of an order consistent with this opinion.
LEWIS, C.J., ROBERTS, and ROWE, JJ., concur.