PER CURIAM.
In this workers’ compensation case, Claimant David Collins argues that the Judge of Compensation Claims (JCC) erred in rejecting of the medical opinion of an expert medical advisor (EMA), asserting that the JCC failed to find and articulate clear and convincing evidence that would overcome the presumptive correctness associated with the opinion of an EMA. Claimant also argues that the JCC erred in denying the requested benefits, which include additional medical care, additional indemnity benefits, and penalties, interest, costs, and attorney’s fees. For the following reasons, we reverse all issues.
Here, the EMA opined that the subdural hematomas, for which Claimant underwent emergency surgery one year after the compensable fall, were causally related to the fall. The JCC reasoned that clear and convincing evidence shows the EMA’s opinion is not supported by a factual foundation, because (1) an MRI performed four months after the work accident did not reveal the presence of any hematomas, (2) the EMA and both independent medical examiners agree that if a hematoma was caused by the work accident it “should have” been present on the MRI, and (8) the EMA found no cases in the literature in which the delay in the onset of hemato-mas was as long as the delay in Claimant’s case.
“The opinion of the [EMA] is presumed to be correct unless there is clear and convincing evidence to the contrary as determined by the [JCC].” § 440.13(9), Fla. Stat. (2009). “When the JCC rejects the opinion of an EMA, this Court reviews the record for competent, substantial evidence to support the JCC’s determination that clear and convincing evidence existed to contradict the EMA’s opinion.” Travelers Ins. v. Armstrong, 118 So.3d 865, 2013 WL 3441529 (Fla. 1st DCA Jul.9, 2013) (citing Arnau v. Winn Dixie Stores, 105 So.3d 669, 671 (Fla. 1st DCA 2013)). The record here supports the JCC’s findings of fact regarding the MRI results, the doctors’ opinions that the MRI should have revealed a hematoma, and the EMA’s impression of the literature. These findings of fact do not contradict the EMA’s opinion, however, because the EMA relied on the very same facts in forming his opinion. Although acknowledging the absence of any hematomas on the MRI, the EMA opined the fall caused the hematomas, based on the literature’s indication that hematomas could be delayed-onset, and the absence of any other cause for the hematomas, as well as his own examination of Claimant, his consideration of Claimant’s history, and his review of Claimant’s medical records. The absence of any hematomas on the MRI even though it should have been on the MRI, then, does not constitute “clear and convincing evidence to the contrary” of the EMA’s opinion.
Because the JCC failed to find and articulate clear and convincing evidence to the contrary of the EMA’s opinion, the JCC erred in denying the requested benefits. See id. at D1499 (citing Mobile Med. Indus. v. Quinn, 985 So.2d 33, 36 (Fla. 1st DCA 2008)). Accordingly, the order is REVERSED, and the matter REMANDED with directions for the JCC to accept the opinions of the EMA and award benefits.
PADOVANO, MARSTILLER, and MAKAR, JJ., concur.