PER CURIAM.
Anibal Santiago claimed he injured his neck while unloading a hospital bed for delivery. Multiple doctors examined Santiago, and several came to the conclusion that the neck injury resulted from a preexisting degenerative condition. Others, however, determined the accident caused the injury. After Santiago filed a petition seeking temporary partial disability benefits, the judge of compensation claims appointed an expert medical advisor to examine Santiago and resolve the conflict. See § 440.13(9)(e), Fla. Stat. (2013) (authorizing the JCC to appoint an EMA when there is a disagreement in the opinions of the health care providers).
In his report, the EMA concluded that Santiago had both a degenerative condition to his cervical spine as well as a cervical strain. The EMA opined that the accident caused the latter injury but that Santiago had fully recuperated from it. The EMA placed Santiago at maximum medical improvement with zero impairment. At his subsequent deposition, however, the EMA’s conclusions were less clear. While he did testify that Santiago had a preexisting degenerative disk condition and also probably suffered from a cervical strain, he offered contradictory statements on whether the accident was the major contributing cause of the injury and whether Santiago was at MMI.[1]
The JCC subsequently entered a final order awarding Santiago TPD benefits. In the order, the JCC acknowledged that the EMA’s report agreed with the findings of the previous doctors that Santiago suffered from a preexisting condition unrelated to the accident and was at MMI. While noting that the EMA’s deposition testimony was “not a model of clarity,” the JCC also cited the portion of the testimony in which the EMA noted the accident was not the MCC of Santiago’s condition. The JCC concluded that while Santiago had a preexisting degenerative disc disease, it was not “legally a pre-existing condition” because Santiago was asymptomatic and without treatment or disability before the accident. Therefore, the JCC concluded, “the issue of major contributing cause should not be considered.” Ultimately, the JCC found Santiago was not at MMI and authorized TPD benefits. The employer/carrier appeal.
The same statute that authorizes a JCC to appoint an EMA also imposes a presumption of correctness on the EMA’s subsequent opinion. See § 440.13(9)(c) (“The opinion of the expert medical advisor is presumed to be correct unless there is clear and convincing evidence to the contrary as determined by the judge of com *1288 pensation claims.”). In fact, we have gone so far as to note that an EMA’s opinion has a “nearly conclusive effect.” Mobile Med. Indus. v. Quinn, 985 So.2d 33, 36 (Fla. 1st DCA 2008) (quoting Pierre v. Handi Van, Inc., 717 So.2d 1115, 1117 (Fla. 1st DCA 1998)). A JCC must find and articulate its reasons to reject an EMA’s opinion. See Certistaff, Inc. v. Owen, 181 So.3d 1218, 1221 (Fla. 1st DCA 2015) (citing Mobile, 985 So.2d at 36).
While the EMA’s deposition testimony was not always clear and consistent, his report clearly indicated his opinion that Santiago is at MMI and that the accident was not the MCC of his neck condition. The JCC failed to articulate any findings of clear and convincing evidence to reject that opinion. Accordingly, we reverse and remand to allow the JCC to accept the EMA’s conclusion or make the necessary findings to reject it. See Arnau v. Winn-Dixie Stores, Inc., 76 So.3d 1117, 1118 (Fla. 1st DCA 2011).[2]
REVERSED and REMANDED.
ROBERTS, C.J., and JAY and WINSOR, JJ., CONCUR.

. The contradictions were to such an extent that Santiago filed a motion to appoint an alternate EMA. The JCC denied the motion and noted the EMA's testimony was “competent” and "responsive to questioning,”

. We have considered and rejected the employer’s separate argument that Santiago was medically noncompliant.